498 So.2d 649 (1986)
Charles Peter VanTASSELL, Appellant,
v.
STATE of Florida, Appellee.
No. BK-92.
District Court of Appeal of Florida, First District.
December 10, 1986.
*650 Terry P. Lewis, Sp. Asst. Public Defender, Tallahassee, for appellant.
John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
VanTassell appeals the trial court's departure from the recommended guidelines sentence. We affirm.
VanTassell was convicted of, and sentenced for, sexual battery on a person over the age of 11 years by a person in a position of familial authority. § 794.011(4)(e), Fla. Stat. (1983). The trial court stated both valid and invalid reasons for departure. The reasons may be summarized as follows:
(1.) The recommended guidelines sentence is insufficient to provide adequate retribution, deterrence and rehabilitation.
(2.) VanTassell's use of excessive force resulted in the victim sustaining extensive physical injuries.
(3.) The victim suffered emotional and psychological trauma.
(4.) The victim was particularly vulnerable because VanTassell was her stepfather and occupied a position of trust in the household.
(5.) VanTassell's sexual abuse of the victim was an ongoing occurrence over the previous two years.
(6.) One instance of sexual abuse occurred in a public taxicab and was witnessed by the driver.
(7.) VanTassell poses a threat to society and the public at large.
(8.) VanTassell's conduct constituted flagrant disregard for the victim's safety, welfare and personal rights.
Reasons (2.), (5.) and (8.) are valid and the others are invalid. The court also stated, both at the sentencing hearing and in its written statement of reasons for departure, that any one of the cited reasons would be sufficient for the court to depart. Therefore, as we have done in the previous cases Griffis v. State, 497 So.2d 296 (Fla. 1st DCA 1986) and Reichman v. State, 497 So.2d 293 (Fla. 1st DCA 1986) we certify the following question to be one of great public importance:
DOES A TRIAL COURT'S STATEMENT, MADE AT THE TIME OF DEPARTURE FROM THE SENTENCING GUIDELINES, THAT IT WOULD DEPART FOR ANY ONE OF THE REASONS GIVEN, REGARDLESS OF WHETHER BOTH VALID AND INVALID REASONS ARE FOUND ON REVIEW, SATISFY THE STANDARD SET FORTH IN ALBRITTON V. STATE?

AFFIRMED.
SMITH, THOMPSON and WIGGINTON, JJ., concur.