512 So.2d 181 (1987)
Charles Peter VANTASSELL, Petitioner,
v.
STATE of Florida, Respondent.
No. 69871.
Supreme Court of Florida.
September 3, 1987.
*182 Michael E. Allen, Public Defender, Second Judicial Circuit, and Terry P. Lewis, Special Asst. Public Defender, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for respondent.
BARKETT, Justice.
We have for review VanTassell v. State, 498 So.2d 649 (Fla. 1st DCA 1986), in which the district court certified the following as a question of great public importance:
DOES A TRIAL COURT'S STATEMENT, MADE AT THE TIME OF DEPARTURE FROM THE SENTENCING GUIDELINES, THAT IT WOULD DEPART FOR ANY ONE OF THE REASONS GIVEN, REGARDLESS OF WHETHER BOTH VALID AND INVALID REASONS ARE FOUND ON REVIEW, SATISFY THE STANDARD SET FORTH IN ALBRITTON V. STATE?

Id. at 650. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answered the certified question in the negative in Griffis v. State, 509 So.2d 1104 (Fla. 1987). The question is inapplicable in this case, however, because we find none of the enumerated reasons for departure valid. We therefore quash the decision of the district court with orders to remand to the trial court for resentencing in accordance with this opinion.
VanTassell was convicted of one count of sexual battery on a child over the age of eleven years by a person in a position of familial authority in violation of section 794.011(4)(e), Florida Statutes (1983). The trial judge departed from the maximum guidelines sentence of nine years and imposed a twenty-three-year sentence. The district court affirmed, finding valid the following three out of eight reasons for departure given by the trial court: (1) VanTassell's use of excessive force resulted in the victim sustaining physical injuries; (2) VanTassell's sexual abuse of the victim was an ongoing occurrence over the previous two years; (3) VanTassell's conduct constituted flagrant disregard for the victim's safety, welfare and personal rights. VanTassell, 498 So.2d at 650.
Petitioner argues that none of these reasons are valid because they either consider factors that are inherent in the offense, factors related to offenses for which VanTassell was neither charged nor convicted, *183 or factors already calculated into the guidelines sentence. We agree.
The first reason, that excessive force resulted in the victim sustaining extensive physical injuries, is invalid because the extent of injury was already calculated in the guidelines. Vanover v. State, 498 So.2d 899, 901 (Fla. 1986). Petitioner received forty points on his scoresheet for "penetration or slight injury" and points were not scored for serious injury. Factors already taken into account in calculating the guidelines score cannot support a departure sentence. Hendrix v. State, 475 So.2d 1218 (Fla. 1985).
The second reason, the ongoing nature of the abuse, is invalid because it is based upon factors relating to the instant offense for which convictions were not obtained, contrary to Florida Rule of Criminal Procedure 3.701(d)(11). VanTassell was convicted of only one count of sexual battery which occurred on a specific date. The trial court may not punish him for other offenses for which there were no convictions and no charges. State v. Tyner, 506 So.2d 405 (Fla. 1987).
Reason three is likewise invalid. The crime of first-degree sexual battery always involves a flagrant disregard for the victim's safety, welfare and personal rights. As an inherent component of the crime, it is not a proper reason for departure. State v. Mischler, 488 So.2d 523, 525 (Fla. 1986).
In summary, none of the trial court's reasons for departure are valid. Accordingly, we quash the decision below and direct the district court to vacate the sentence and remand to the trial court for resentencing within the guidelines.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, GRIMES and KOGAN, JJ., concur.