518 So.2d 458 (1988)
Russell Donald MAYO, Appellant,
v.
STATE of Florida, Appellee.
No. BQ-225.
District Court of Appeal of Florida, First District.
January 14, 1988.
*459 Michael E. Allen, Public Defender, and Phil Patterson, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Patricia Conners, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Russell Donald Mayo appeals the judgment and sentence for manslaughter rendered against him on July 31, 1986. Mayo argues on appeal that the trial court's reasons for departing from the recommended guidelines sentence are invalid. We agree, and therefore affirm the conviction, but reverse the sentence and remand for resentencing.
On September 6, 1985, appellant got into a fight with the victim, Marvin Kervin, in the parking lot of a Marina Bay Resort. This fight was observed by a security guard and another witness who broke up the fight and then noticed there was a cut on Kervin's wrist. Appellant left with a woman and a search was conducted of the scene, but no weapon was found.
Because the victim appeared faint, he was transported to the hospital and it was determined that he had been stabbed by a knife several times, including a stab to the heart area. Mr. Kervin died of those injuries.
Appellant entered a plea of no contest to the charge of manslaughter on January 21, 1986. A sentencing guidelines scoresheet was prepared which recommended a presumptive sentence of 7 to 12 years incarceration. Appellant was sentenced to 15 years imprisonment and the trial court gave the following reasons for departure:
1. Since 1969 the Defendant had been arrested and convicted for at least thirty separate offenses, many of which involve violence and alcohol abuse.
2. The Defendant's past record, taken as a whole, exhibits a total disrespect for the law and for the safety of others.
3. In the instant case, the Defendant stabbed the victim twice in two separate vital organs, evidencing an obvious intent to kill rather than an intent to injure or incapacitate.

*460 4. The victim in this case was substantially smaller than the Defendant and the evidence before the Court indicates that the victim was highly intoxicated. The victim was also without a weapon, all of which tends to indicate to the Court that the victim posed no threat of serious bodily harm to the Defendant.
5. If any of the aforesaid reasons for departure are found to be invalid on appeal, the Court would impose the same sentence for any remaining reasons for departure found to be valid.
First reason  thirty separate convictions: Appellant's "rap sheet" reflects that appellant was arrested and convicted of many offenses since 1969, some involving violence and alcohol abuse. However, mixed among the arrests are several that did not result in conviction, or the outcomes are unknown. The trial court did not specify the offenses upon which it based departure. A sentencing court may not consider offenses for which there have not been convictions. See State v. Tyner, 506 So.2d 405 (Fla. 1987). The transcript reveals that both parties' counsel and the judge agreed that the 140 point total reflected nine misdemeanors and one felony. The rest of the rap sheet was not factored into the sentencing scoresheet. Williams v. State, 504 So.2d 392 (Fla. 1987), cited by the state for support, is distinguishable. In the case before us the trial judge did nothing more substantial than make mere reference to appellant's prior record. In Williams the court detailed at length appellant's prior record, giving specifics as to the timing and persistence of the offenses. Also, State v. Pentaude, 500 So.2d 526 (Fla. 1987), cited by the state for support, is factually dissimilar in that, unlike here, defendant therein was being sentenced after revocation of probation, and the supreme court found pertinent the details of the temporal aspect of defendant's probation violations.
We also agree with appellant's argument citing, Casteel v. State, 498 So.2d 1249 (Fla. 1987), that even if there is support in the record for a reason not articulated by the trial judge, the appellate court cannot formulate its own reasons to justify the departure sentence. 498 So.2d at 1252. The record in this case might support a departure reason based upon the frequent contacts with the criminal justice system shown. As in Williams, the court might have considered the "[e]scalating course of criminal conduct", or "continuing and persistent pattern of criminal activity" if supported with details, as a valid reason for departure in this case. 504 So.2d at 393. However, the trial court made no such statements. Therefore, we find that reason number one is an invalid departure from the guidelines, for it appears to refer only generally to appellant's prior record, some of which has already been specifically accounted for on the guidelines scoresheet.
Second reason  past record exhibits disrespect for law and safety: Because appellant here was convicted of manslaughter, a "flagrant disregard for the law and safety of others" was inherent in the crime. We adapt this rationale from Vantassell v. State, 512 So.2d 181 (Fla. 1987), where the supreme court found that sexual battery always involves disregard for personal safety, which is an inherent component of the crime, and therefore it is not a valid reason for departure. 512 So.2d at 183. We find that this reasoning would also apply to many of appellant's past convictions, i.e., assault and battery, leaving the scene of accident, DUI, and therefore, according to Vantassell, the court's statement that "defendant's past record taken as a whole exhibits a total disrespect for the law and safety of others", would be an invalid departure reason. However, we note that the trial court did not have the benefit of the supreme court's recent Vantassell opinion when it pronounced sentence on appellant.
Also, we find the instant case to be distinguishable from Scurry v. State, 489 So.2d 25 (Fla. 1986), as cited by the state for support on this point. In Scurry, defendant allegedly fired a shot at the victim while in the public street, and the Court found that evincing a flagrant disregard for others' (besides the victim) safety with respect to the current crime committed, is *461 a clear and convincing reason for departure. 489 So.2d at 29. Our research indicates that usually district courts have used this departure reason when referring to the instant conviction, not the past record. See, Rey v. State, 509 So.2d 1332 (Fla. 3rd DCA 1987); Hall v. State, 503 So.2d 1370 (Fla. 4th DCA 1987); Webster v. State, 500 So.2d 285 (Fla. 1st DCA 1986); Hannah v. State, 480 So.2d 718 (Fla. 4th DCA 1986). Further, in the instant case, appellant engaged in a "one on one" fight with the victim and there was no evidence that he endangered or placed at risk anyone else in the area. See Whitfield v. State, 490 So.2d 1358 (Fla. 5th DCA 1986) (lack of evidence that anyone other than the victim was endangered).
In any event, although flagrant disregard for the safety of others is a valid reason for departure, it must be proven beyond a reasonable doubt. Scurry at 29; Ventosa v. State, 510 So.2d 1093 (Fla. 1st DCA 1987). The trial court's general statement that, the defendant's "past record taken as a whole" indicates a total disrespect for the law and safety of others, is also not a valid reason for departure. "Patterns of violent conduct and utter disregard for the law is not a clear and convincing reason for departure where the only evidence to support such a finding is defendant's prior record. See Williams v. State, 492 So.2d 1308 (Fla. 1986)". Staten v. State, 500 So.2d 297, 300 (Fla. 2d DCA 1986). But see Booker v. State, 482 So.2d 414 (Fla. 2d DCA 1985), approved, 514 So.2d 1079 (Fla. 1987), where disregard for criminal justice system is a valid reason for departure based upon defendant's escalating criminal involvement. The trial judge's generally phrased second reason for departure, without more, is invalid.
Third reason  defendant stabbed victim twice with intent to kill: The definition of manslaughter involves no premeditated design or depraved mind, as opposed to murder, where intent is an element of the crime. Although appellant was charged under section 782.04, Florida Statutes, the murder statute, he was convicted of manslaughter under section 782.07, Florida Statutes. We, therefore, agree with appellant's argument that the court tried to depart based on an offense for which appellant was not convicted, contrary to rule 3.701(d)(11) Florida Rules of Criminal Procedure and committee note. Appellant's argument is also logical that if the court determined that appellant committed voluntary manslaughter, any "intent" perceived by the court would be an inherent component of the crime charged, so an invalid reason to depart. Therefore, "intent to kill" should not be used to justify a departure where one is convicted, not of murder, but of the lesser crime of manslaughter. Also, we disagree with the state's argument that "intent" is a fact or circumstance surrounding the offense properly relied on according to rules 3.701(d)(11), and 3.701(b)3, Florida Rules of Criminal Procedure. Rule 3.701(b)3 provides that the penalty must be commensurate with the seriousness of the offense, and is irrelevant here. In State v. Tyner, 506 So.2d 405, 406 (Fla. 1987), the supreme court reviewed rule 3.701(d)(11) and stated:
The language is plain. Judges may consider only that conduct of the defendant relating to an element of the offense for which defendant has been convicted. To hold otherwise would effectively circumvent the basic requirement of obtaining a conviction before meting out punishment. (emphasis supplied).
... It is equally well settled that a judge may not utilize facts to depart unless those facts have been proven beyond a reasonable doubt. State v. Mischler, 488 So.2d 523 (Fla. 1986).
Further, the maximum number of points were assessed for victim injury, a total of 21 points for death. We find that the fact that appellant stabbed the victim two times in two vital organs has already been factored into the guidelines.
Fourth reason  small intoxicated victim no threat: Neither party cites persuasive support for its position with regard to this particular departure reason. The court stressed the vulnerability of the victim by focusing on the victim's size and state of intoxication. We found some support, *462 by analogy, for grounds based on vulnerability. See Harris v. State, 482 So.2d 548, 549 (Fla. 4th DCA 1986), where the district court affirmed the trial court's following departure reason:
The victim in this case was particularly vulnerable due to her age and obvious frailty.
See also Berry v. State, 511 So.2d 1075 (Fla. 1st DCA 1987), where a pregnant victim was found unusually vulnerable. But see Brown v. State, 511 So.2d 719 (Fla. 1st DCA 1987), where sleeping victim as vulnerable not valid reason for departure.
However, in this case, the only evidence in the record of the victim's size is from a letter written to the judge by the victim's wife. The parties do not cite to the record to support the allegation of the victim's drunken state. We could find no support for the judge's conclusion that the victim was not only small, but highly intoxicated. Neither the presentence investigation report nor the factual basis given at the sentencing hearing referred to the victim's state of intoxication. Therefore, we conclude that although the victim's size and drunken state implying vulnerability may be valid grounds for departure, there is no support for them in the record before this court.
Fifth reason  trial court would still depart even if some reasons found invalid: This reason does not satisfy the standard set forth in Albritton v. State, 476 So.2d 158 (Fla. 1985). See Griffis v. State, 509 So.2d 1104 (Fla. 1987); Vantassell.
The conviction below is affirmed. However, because we find invalid all five reasons for departure, we must reverse the sentence and remand for resentencing within the recommended guidelines range. See Shull v. Dugger, 515 So.2d 748 (Fla. 1987).
SMITH, C.J., and WENTWORTH, J., concur.