529 So.2d 319 (1988)
Clifford DeVILLE, Appellant,
v.
STATE of Florida, Appellee.
No. 86-3094.
District Court of Appeal of Florida, Second District.
July 27, 1988.
James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Lauren Hafner Sewell, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant appeals a 1986 conviction for burglary. He also appeals the sentence he received for that conviction and for several 1982 convictions after the probation previously imposed for the 1982 convictions had been revoked. We affirm the conviction, but reverse and remand for resentencing.
We find no merit in defendant's contentions except for two issues he raises concerning his sentencing. First, defendant contends, and the state concedes, that the 1982 convictions, for which defendant was being sentenced after revocation of probation at the time he was sentenced on the burglary charge, should have been entered on the sentencing guidelines scoresheet as additional offenses at conviction rather than as prior record. Those offenses occurred before the October 1, 1986 effective date of the amendment to the committee note to Florida Rule of Criminal Procedure 3.701(d)(5) which clarified that when sentencing occurs for earlier offenses after revocation of probation at the same time as sentencing for a subsequent criminal offense, the earlier offenses shall be scored as prior record. See The Florida Bar Re: Rules of Criminal Procedure, 482 So.2d 311, 312 (Fla. 1985). Prior to that change, the earlier offenses had been scored as additional offenses at conviction. See Bradley v. State, 480 So.2d 647 (Fla. *320 2d DCA 1985). Upon remand, defendant's scoresheet should be recalculated by scoring the 1982 convictions as additional offenses.
Defendant also contends that the trial court erred in not entering a written order giving the reasons for revoking probation. On remand, the trial court should enter the proper written order, corresponding with his oral pronouncement. See Revear v. State, 497 So.2d 1337 (Fla. 2d DCA 1986).
The conviction is affirmed. The sentence is reversed and remanded for resentencing.
CAMPBELL, C.J., and SCHEB, J., concur.