PER CURIAM.
Rolando Gonzalez appeals the summary denial of his motion to correct sentence. We reverse.
In 1984 Gonzalez was arrested on two separate occasions for possession of cocaine. The charges were consolidated for disposition, and Gonzalez was sentenced to a year in jail, to be followed by probation. Two years later, while serving that probation, he committed three additional felonies (vehicular homicide, leaving the scene of an accident, and failure to appear). The score-sheet used at the time of the 1986 sentencing called for a maximum sentence of twelve years, which the trial court imposed. Gonzalez now states that the scoresheet was calculated incorrectly and the maximum should have been seven years.
The scoresheet itself does not appear in the record before us, so we must rely upon Gonzalez’s representations for purposes of this appeal. He does not dispute the classification of vehicular homicide as the “primary offense.” Under the facts of this case, vehicular homicide is a second degree felony, for which Gonzalez should have received 77 points.[1] However, only the offense of leaving the scene of an accident was included as an “additional offense at conviction,” for a total of 10 points, while both cocaine charges and the failure to appear were scored as “prior record” (18 points). If, as Gonzalez states, all these offenses were before the court at one time for sentencing, the inclusion of some of them as prior record was incorrect. Had all been properly scored as “additional offenses,” their total contribution would have been 14 points. This deduction of 14 points would place Gonzalez in the next lowest cell.[2]
Assuming Gonzalez has correctly represented the facts, the error may be harmless. The trial court could have deviated upward one cell due to the fact that some of the offenses represented a violation of probation. Fla.R.Crim.P. 3.701(d)(14). This is so even though the primary offense was not one of the offenses for which Gonzalez had previously been placed on probation, and even though points were added to the scoresheet because of Gonzalez’s legal constraint status at the time of the primary offense. Peterson v. State, 524 So.2d 473 (Fla. 2d DCA 1988). However, this one-cell enhancement is discretionary with the trial judge, and we cannot determine from the record before us whether this option would have been exercised had the court been aware of the apparent scoresheet error and its effect upon the maximum sentence.
After remand the trial court should examine the files and records in this case and, if it determines the twelve-year sentence would have been imposed under any circumstances, it should attach to its order any exhibits relied upon in support of this conclusion. See, e.g., Brown v. State, 508 So.2d 522 (Fla. 2d DCA 1987). Alternatively, the court may conclude that Gonzalez has misrepresented the facts of this case, in which instance it should document that finding. Any party aggrieved by the subsequent action of the trial court must file a *1222 notice of appeal within thirty days to obtain further appellate review.
REVERSED.
DANAHY, A.C.J., and FRANK and HALL, JJ., concur.

. § 782.071(2), Fla.Stat. (1987); Fla.R.Crim.P. 3.988(a).

. Gonzalez does not contest the addition of 21 points for legal constraint and 21 points for death or serious injury to the victim. He also admits no prior criminal history apart from the offenses discussed herein.