537 So.2d 1052 (1989)
Jonathon SEGARS, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-2061.
District Court of Appeal of Florida, Third District.
January 17, 1989.
Rehearing Denied March 2, 1989.
Bennett H. Brummer, Public Defender, and May L. Cain, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Fariba N. Komeily, Asst. Atty. Gen., for appellee.
Before BASKIN and JORGENSON, JJ., and WARREN H. COBB, Associate Judge.
PER CURIAM.
Jonathan Segars appeals from multiple convictions and sentences for manslaughter, armed burglary, attempted armed robbery, and conspiracy to commit burglary of a dwelling and robbery. We affirm.
On February 2, 1986, Robert Cannon and Pedro Alvarado shot and killed Bruce Lytell during a burglary and attempted robbery. Upon his arrest, Cannon informed the police that Segars was involved in the planning of the crime notwithstanding his absence from the crime scene. Segars was arrested and charged with second-degree *1053 murder, armed burglary, attempted armed robbery, and conspiracy to commit burglary. At trial, Cannon described in detail Segars' alleged participation in the crime  his selection of the victim, the place, and the time of the crime, and Segars' share of the proceeds. Segars asserted an alibi defense; he testified that he was out of town during the planning of the crime and its actual execution. The jury found Segars guilty of manslaughter as a lesser included offense and returned guilty verdicts as to the other charges. The court adjudicated Segars guilty. Segars filed this appeal.
Appellant contends that the trial court erred in failing to give a complete jury instruction on manslaughter, a lesser included offense of second-degree murder. At the charge conference, Segars' counsel accepted the court's offer to give a manslaughter instruction; the court stated that it would instruct the jury as to manslaughter without mentioning excusable or justifiable homicide because defendant did not present evidence of these defenses. Defense counsel did not submit an instruction, object, or even argue in post-trial motions that the instruction was erroneous. The trial court's instruction on manslaughter omitted any mention of justifiable or excusable homicide.[1]
"[Manslaughter] is in the nature of a residual offense. If a homicide is either justifiable or excusable it cannot be manslaughter... . The result is that in order to supply a complete definition of manslaughter as a degree of unlawful homicide it is necessary to include also a definition of the exclusions." Hedges v. State, 172 So.2d 824, 826 (Fla. 1965); see § 782.07, Fla. Stat. (1985). See also Carranza v. State, 511 So.2d 410 (Fla. 4th DCA 1987), review denied, 519 So.2d 988 (Fla. 1988), and cited cases. Segars' counsel, however, did not object to the instruction. Thus, if Segars is to prevail, we must conclude that the incompleteness of the instruction constituted fundamental error. See Castor v. State, 365 So.2d 701 (Fla. 1978); Williams v. State, 400 So.2d 542 (Fla. 3d DCA 1981), cert. denied, 459 U.S. 1149, 103 S.Ct. 793, 74 L.Ed.2d 998 (1983).
Fundamental error has been defined as `error which goes to the foundation of the case or goes to the merits of the cause of action.' Sanford v. Rubin, 237 So.2d 134, 137 (Fla. 1970). The appellate courts, however, have been cautioned to exercise their discretion concerning fundamental error `very guardedly.' Id. ... the doctrine of fundamental error should be applied only in the rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application. Porter v. State, 356 So.2d 1268 (Fla. 3d DCA) (Hubbart, J., dissenting), remanded, 364 So.2d 892 (Fla. 1978), rev'd. on remand, 367 So.2d 705 (Fla. 3d DCA 1979).
Ray v. State, 403 So.2d 956, 960 (Fla. 1981). As a general rule, when the court gives an instruction on a lesser included offense, the instruction must be sufficiently complete and accurate so that it does not mislead the jury and negate defendant's theory of defense. Alejo v. State, 483 So.2d 117, 118 (Fla. 2d DCA 1986). Under the precise facts of the case before us, the error was not fundamental. This is so because no view of the evidence could support a finding of justifiable or excusable homicide. Banda v. State, 536 So.2d 221 (Fla. 1988). It is clear that the victim was not killed while the perpetrators were resisting an *1054 attempt to commit a murder or felony by the victim, and that the killing was not committed by accident and misfortune in doing a lawful act, in the heat of passion, upon sudden and sufficient provocation, or upon sudden combat, without any dangerous weapon being used. See Echols v. State, 484 So.2d 568, 574 (Fla. 1985), cert. denied, 479 U.S. 871, 107 S.Ct. 241, 93 L.Ed.2d 166 (1986). Those elements define justifiable and excusable homicide. §§ 782.02  .03, Fla. Stat. (1985).
Record evidence indicates that Segars and his coconspirators chose the victim because they thought he had money and drugs in his house. They planned the robbery and burglary and obtained a gun. Coconspirators shot the victim as they were attempting to force an entry into his home. Segars' defense was based on his contention that he was out of town during planning and execution of these events, and that he did not commit the charged crimes. Because his defense contained neither excuses nor justifications for the commission of the crimes, the error in the incompleteness of the instruction was not fundamental. This court has stated:
[F]undamental error occurs ... only when an omission or error in the definition of a crime is pertinent or material to what must actually be considered by the jury in order to convict.
Williams, 400 So.2d at 543. The incomplete instruction cannot be said to have misled the jury or negated Segars' defense. See Banda; Lee v. State, 526 So.2d 777 (Fla. 2d DCA 1988). Cf. Ortagus v. State, 500 So.2d 1367 (Fla. 1st DCA 1987) (reversible error where trial court's instruction on manslaughter failed to cover material elements of the offense and defendant asserted self-defense theory); Alejo, 483 So.2d at 117 (failure to give complete manslaughter instruction was fundamental error where the instruction negated defendant's defense theory); Lawson v. State, 383 So.2d 1114 (Fla. 3d DCA) (where a finding of excusable homicide not inconsistent with the evidence, failure of trial court to include in its reinstruction on manslaughter essential negating factor of excusable homicide, defendant's substantial rights injuriously affected), review denied, 392 So.2d 1379 (Fla. 1980). Accordingly, we reject Segars' claim of fundamental error.
Next, Segars argues that the court erred in excluding deposition testimony of an alibi witness and in refusing to permit him to impeach his own witness with a prior inconsistent statement. These contentions are without merit. See Jackson v. State, 451 So.2d 458 (Fla. 1984) (error to impeach prosecution witness as adverse witness where witness merely suffered lapse of memory); State v. James, 402 So.2d 1169 (Fla. 1981) (discovery depositions are not admissible as substantive evidence in criminal trial); Campos v. State, 489 So.2d 1238 (Fla. 3d DCA 1986) (absent compliance with Fla.R.Crim.P. 3.190(j), deposition is not admissible as substantive evidence); Austin v. State, 461 So.2d 1380 (Fla. 1st DCA 1984) (witness' failure to give expected testimony and instead giving less beneficial testimony does not render witness adverse and subject to impeachment by a prior inconsistent statement). See also C. Ehrhardt, Florida Evidence § 608.2, at 301-02 (2d Ed. 1984) ("It is necessary that when witness' testimony is introduced ... it actually harms the case of the party calling the witness. If the witness does not remember a fact when he testifies, the witness is not adverse and may not be impeached. In the eyes of the jury, the testimony has not affirmatively harmed the case of the party calling him.").
Segars also argues that the evidence is insufficient to support his convictions. Again, we disagree. See Staten v. State, 519 So.2d 622 (Fla. 1988) (direct testimony of defendant's participation in planning of crime and driving getaway car sufficient to support conviction for second degree murder); Bassett v. State, 449 So.2d 803 (Fla. 1984) (substantial evidence presented from which a jury could conclude that elements of corpus delicti were present).
Accordingly, we affirm the convictions.
NOTES
[1] The court instructed the jury:

THE COURT: Before you can find the defendant guilty of Manslaughter, the State must prove the following elements beyond a reasonable doubt:
One. Bruce Lytell is dead.
Two. The death was caused by the act of Johnathon Segars.
Strike that.
The death was caused by the procurement of Johnathan Segars.
However, the defendant cannot be guilty of Manslaughter if the killing was either  strike that also.
"To procure" means to persuade, induce, prevail or cause a person to do something.
A complete instruction would include: "However, the defendant cannot be guilty of manslaughter if the killing was either justifiable or excusable homicide as I have previously explained those terms," Fla.St. Jury Instr. (Crim.) 2.02(a), and definitions of excusable and justifiable homicide.