547 So.2d 969 (1989)
Lawrence BERRY, Jr., Appellant,
v.
The STATE of Florida, Appellee.
No. 88-2939.
District Court of Appeal of Florida, Third District.
July 25, 1989.
Rehearing Denied September 6, 1989.
*970 Friend & Fleck and Geoffrey Fleck, South Miami, for appellant.
Robert A. Butterworth, Atty. Gen. and Charles M. Fahlbusch, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and BASKIN, JJ.
BASKIN, Judge.
Lawrence Berry appeals his convictions for manslaughter and for shooting within an occupied dwelling. He alleges the trial court erred in refusing to dismiss a potential juror for cause, in failing to give the long-form jury instruction on excusable homicide, in denying his motions for judgment of acquittal, and in refusing to suppress statements he made to police. We affirm.
Lawrence Berry fatally shot Shawn Samuel. When the police arrived at the scene, an officer asked Berry what had happened; Berry replied that Samuel had thrown him the gun, which went off when it hit the headboard. The officer did not believe the explanation and suggested Berry "think about it." Berry made a second statement to the officer. This time he said that Samuel tossed him the gun. When he caught it, the gun accidentally went off. The officer asked no further questions and placed Berry in the back seat of his marked police car.
Shortly thereafter, the lead investigator arrived and spoke to Berry. The investigator then handcuffed Berry, moved him to his unmarked car, and took him to the police station. At the police station, Berry was placed in an interview room and read his Miranda rights. After being informed of his rights, Berry executed a constitutional rights waiver form. The investigator testified that Berry was upset but understood what was happening. In response to the investigator's questions, Berry first maintained that Samuel had tossed him the *971 gun, which fired as he caught it. During questioning, however, Berry stated that Samuel had been pointing two guns at his own head and pulling the trigger. Berry had told him to stop and to throw him "the gun." Berry caught the gun. Samuel left the room, but returned several minutes later with another gun he jokingly pointed at Berry. Berry stated that he played along with the joke, and picked up the first gun. Believing it to be unloaded, Berry pointed the gun at Samuel and pulled the trigger. The gun discharged, killing Samuel.
Berry was charged with manslaughter, shooting within an occupied dwelling and possession of a firearm by a convicted felon.[1] Prior to trial, Berry moved to suppress the series of statements he made to the police. The trial court denied the motion as to all but the second statement Berry made to the officer at the scene of the incident.
During jury voir dire, one prospective juror indicated a bias in favor of the police. Berry sought to have the juror dismissed for cause, but the trial court denied his motion. Berry used one of his peremptory challenges to dismiss the juror. Although Berry ultimately exhausted all his challenges, he did not request any additional challenges or express dissatisfaction with the jurors who were seated. Berry was convicted on both counts and sentenced to serve 15 years in prison. He raises several points in support of his contention that the judgments should be reversed.
First, Berry alleges that the trial court erred in forcing him to use a peremptory challenge to dismiss a potential juror who should have been dismissed for cause. Berry's failure to request an additional peremptory challenge compels us to conclude that the error was harmless. Moore v. State, 525 So.2d 870 (Fla. 1988); Hill v. State, 477 So.2d 553 (Fla. 1985).
Second, Berry contends that the trial court erred in giving the short-form instruction on excusable homicide.[2] Berry's counsel neither requested the long form nor objected to the short form. Although the failure to give a long-form instruction may be error, Smith v. State, 539 So.2d 514 (Fla. 2d DCA 1989); Segars v. State, 537 So.2d 1052 (Fla. 3d DCA 1989), it is incumbent on defendant to object unless "the incompleteness of the instruction constituted fundamental error." Segars, 537 So.2d at 1053; see Castor v. State, 365 So.2d 701 (Fla. 1978).
Fundamental error has been defined as `error which goes to the foundation of the case or goes to the merits of the cause of action.' Sanford v. Rubin, 237 So.2d 134, 137 (Fla. 1970). The appellate courts, however have been cautioned to *972 exercise their discretion concerning fundamental error `very guardedly.' Id. ... [T]he doctrine of fundamental error should be applied only in the rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application. Porter v. State, 356 So.2d 1268 (Fla. 3d DCA) (Hubbart, J., dissenting), remanded, 364 So.2d 892 (Fla. 1978), rev'd. on remand, 367 So.2d 705 (Fla. 3d DCA 1979).
Ray v. State, 403 So.2d 956, 960 (Fla. 1981). The record before us does not support a finding of fundamental error; no view of the evidence could support a finding of excusable homicide.[3]Banda v. State, 536 So.2d 221 (Fla. 1988), cert. denied, ___ U.S. ___, 109 S.Ct. 1548, 103 L.Ed.2d 852 (1989); Segars. Under these circumstances, Berry's argument lacks merit.
Third, Berry argues the evidence was insufficient to sustain his convictions for manslaughter, § 782.07, Fla. Stat. (1987), and for shooting within an occupied dwelling. § 790.19, Fla. Stat. (1987). We disagree. The facts elicited at trial support Berry's manslaughter conviction by demonstrating culpable negligence. Marasa v. State, 394 So.2d 544 (Fla. 5th DCA), review denied, 402 So.2d 613 (Fla. 1981). As for Berry's conviction for shooting within an occupied dwelling, the record demonstrates that Berry acted wantonly when he pulled the trigger without determining whether the gun was loaded. Polite v. State, 454 So.2d 769 (Fla. 1st DCA 1984); Johnson v. State, 436 So.2d 248 (Fla. 5th DCA 1983).
Finally, Berry contends that the trial court erred in failing to suppress all statements he made to the police subsequent to the suppressed statement. We reject this contention because there is substantial evidence in the record to support the trial court's finding that the later statements were made voluntarily. Oregon v. Elstad, 470 U.S. 298, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985); Von Horn v. State, 334 So.2d 43 (Fla. 3d DCA 1976), cert. denied, 341 So.2d 1086 (Fla. 1977).
Affirmed.
NOTES
[1] The third count, possession of a firearm by a convicted felon, was later severed.
[2] The short form provides:

The killing of a human being is excusable, and therefore lawful, when committed by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution and without any unlawful intent, or by accident or misfortune in the heat of passion, upon any sudden and sufficient provocation, or upon a sudden combat, without any dangerous weapon being used and not done in a cruel or unusual manner.
The long form states:
An issue in this case is whether the killing of (victim) was excusable.
The killing of human being is excusable if committed by accident and misfortune.
In order to find the killing was committed by accident and misfortune, you must find the defendant was:
1. a. doing a lawful act by lawful means and with usual care and
b. acting without any unlawful intent.
2. in the heat of passion brought on by a sudden provocation sufficient to produce in the mind of an ordinary person the highest degree of anger, rage or resentment that is so intense as to overcome the use of ordinary judgment, thereby rendering a normal person incapable of reflection.
3. engaged in sudden combat. However, if a dangerous weapon was used in the combat or the killing was done in a cruel or unusual manner, the killing is not excusable.
A "dangerous weapon" is any weapon that, taking into account the manner in which it is used, is likely to produce death or great bodily harm.
(Florida Standard Jury Instructions in Criminal Cases, 1981 Edition, 76).
[3] Section 782.03, Florida Statutes (1987), defines excusable homicide as one committed

by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution, and without any unlawful intent, or by accident and misfortune in the heat of passion, upon any sudden and sufficient provocation, or upon a sudden combat, without any dangerous weapon being used and not done in a cruel or unusual manner.