HALL, Judge.
The appellant, Lonnie Lee Small, challenges the sentence imposed upon him following revocation of the probation portions of his split sentences. We reverse.
Small was convicted of five counts of delivery of a controlled substance and was sentenced to twenty-one months’ imprisonment to be followed by three years’ probation on each count, the sentences to run concurrently. Small was subsequently found to have violated probation by committing murder. The scoresheet prepared upon his conviction for second degree murder reflects that the prior delivery offenses were scored as prior record, resulting in a recommended sentencing range of twenty-two to twenty-seven years’ imprisonment. The trial judge departed to the next cell and sentenced Small to forty years’ imprisonment for his conviction for second degree murder and fifteen years’ imprisonment for the prior delivery offenses.[1] The judge listed the following as reasons for departure: “the court order finds defendant has had convictions increasing in severity and frequency. He was out of prison for last sentence only months and still totally ignored the law.”
Small contends in this appeal that the prior delivery offenses should have been scored as additional offenses because they were committed in June and July of 1986, prior to the effective date of the amendment to the committee note to Florida Rule of Criminal Procedure 3.701(d)(5), which now requires the scoring of prior offenses as prior record upon revocation of probation. Small’s contention is correct. Gonzalez v. State, 534 So.2d 1220 (Fla. 2d DCA 1988); DeVille v. State, 529 So.2d 319 (Fla. 2d DCA 1988).
We reverse Small’s sentence and remand for correction of Small’s scoresheet in accordance with this opinion. Upon re-sentencing of Small, the trial judge may depart beyond the one cell for violation of probation because the reasons he gave previously are valid. See Williams v. State, 504 So.2d 392 (Fla.1987); Fuller v. State, 488 So.2d 594 (Fla. 2d DCA 1986).
Reversed and remanded.
FRANK, A.C.J., and PARKER, J., concur.

. The statutory maximum penalty for the second degree felony of delivery of a controlled substance is fifteen years’ imprisonment. § 775.082(3)(c), Fla.Stat. (1985).