549 So.2d 1106 (1989)
Robert Lewis MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1500.
District Court of Appeal of Florida, Second District.
September 29, 1989.
*1108 James Marion Moorman, Public Defender and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Stephen A. Baker, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Acting Chief Judge.
Appellant seeks review of his convictions and sentencing for manslaughter and vehicular homicide, raising five points on appeal. Two of those points, concerning alleged post-trial errors, are meritorious and require that we remand for resentencing and amendments to appellant's judgment and scoresheet. The other three, concerning alleged trial errors, lack merit and only one of the three points warrants discussion.
On October 21, 1985, appellant was involved in a head-on collision with another automobile on Highway 27 North in Lake Hamilton, Florida. Three people in the other car were killed and a fourth was injured. Appellant was also injured. The accident occurred as appellant was fleeing from a pursuing police vehicle driven by a patrolman from the Haines City Police Department. The patrolman began following appellant as a result of a phone call to the Haines City Police Department reporting that appellant was selling car batteries out of his car. With the patrolman in pursuit, appellant began driving his vehicle south in the northbound passing lane of Highway 27, despite oncoming motorists who were forced to swerve off the road onto the median. At that point, Highway 27 is a four-lane highway with a grassy median interrupted by several turn-around points. Appellant was travelling at a speed of between 50 and 80 m.p.h, with the patrolman following at the same speed at a distance of about ten car lengths behind. Although there is some testimony to the contrary, the patrolman testified that his overhead flashing lights and siren were activated during the pursuit. The accident occurred when the victims' vehicle pulled into the passing lane on Highway 27 North to pass a box-bed type truck and immediately collided head on with appellant's vehicle.
Appellant was charged with three counts of second degree murder, three counts of vehicular homicide, one count of culpable negligence and one count of fleeing to elude. The jury found appellant guilty as charged, except that it reduced the second degree murder charges to manslaughter. Appellant's judgment, however, erroneously reflects three second degree murder convictions. The trial court departed upward from the recommended sentencing guidelines range, sentencing appellant to fifteen years in state prison for each of the three manslaughter convictions, to run consecutively, and five years' imprisonment for each of the three vehicular homicide convictions, to run concurrently with the manslaughter sentences. Appellant also received two sentences of one-year imprisonment each, to run consecutively to the other sentences imposed, for culpable negligence and fleeing to elude. In addition, appellant was ordered to pay a fine and court costs. Appellant's scoresheet reflects two burglaries and a grand theft for which appellant had been on probation as prior record. The court entered a separate departure order in which it explained its reasons for departing from the guidelines.
Appellant correctly points out certain errors that were committed by the trial court regarding appellant's convictions, sentences and computations within the scoresheet. First, the trial court erroneously entered three convictions for second degree murder, even though the jury had found appellant guilty of the lesser included offense of manslaughter. Second, the court erroneously convicted and sentenced appellant for two murder charges arising out of each death, contrary to the supreme court's ruling that "only one homicide conviction and sentence can be imposed for a single death." Houser v. State, 474 So.2d 1193 (Fla. 1985). On remand, the trial court shall correct these two errors by amending the judgment and sentence to reflect one conviction, of either manslaughter by culpable negligence or vehicular homicide, for *1109 each death. Finally, the two burglaries and grand theft convictions, for which appellant had been on probation, were improperly scored as prior record rather than as additional offenses at conviction, since the offenses were committed prior to October 1, 1986, which was the effective date of the amendment to the committee note to Florida Rule of Criminal Procedure 3.701(d)(5) now requiring the scoring of prior offenses as prior record upon revocation of probation. Small v. State, 547 So.2d 273 (Fla. 2d DCA 1989); DeVille v. State, 529 So.2d 319 (Fla. 2d DCA 1988). Appellant's scoresheet shall be amended accordingly.
Appellant also challenges the trial court's upward departure from the recommended guidelines range. The court enunciated the following four reasons in its departure order: (1) appellant committed the offenses in question while on probation; (2) the families of the victims suffered tremendous emotional trauma; (3) appellant knowingly created a great risk of injury or death to a large number of persons; and (4) appellant committed the offenses in question for the purpose of avoiding or preventing a lawful arrest, or effecting an escape.
Reasons one, two and four are clearly invalid. The first reason was held to be invalid in Lambert v. State, 545 So.2d 838 (Fla. 1989) ("factors related to violation of probation or community control cannot be used as grounds for departure... ." because "[t]o add points due to legal constraint and to simultaneously depart based upon probation violation constitutes double dipping"). The second reason is invalid, since psychological trauma may be used to support departure only when it results from extraordinary circumstances or produces a discernible physical manifestation. State v. Rousseau, 509 So.2d 281 (Fla. 1987); Harris v. State, 533 So.2d 1187 (Fla. 2d DCA 1988). Since those factors are lacking in this case, the trauma of the victims' families is considered to be an inherent component of the offenses in question. Rousseau. Reason four is also invalid, since appellant was convicted of fleeing to elude, which conviction was factored into the scoresheet. The facts underlying the fleeing to elude conviction are the same as those cited as the court's fourth reason for departure. To depart on grounds which have already been factored into the presumptive guidelines sentence constitutes impermissible double dipping. See Hendrix v. State, 475 So.2d 1218 (Fla. 1985).
The third reason for the court's departure, however, is a valid one. Flagrant disregard for the safety of others constitutes a clear and convincing reason for departure. Scurry v. State, 489 So.2d 25 (Fla. 1986); Manis v. State, 528 So.2d 1342 (Fla. 2d DCA), review denied, 534 So.2d 400 (Fla. 1988). In Manis, this court held that the defendant's flagrant disregard for the safety of others in driving his vehicle on a busy street in a highly intoxicated condition was a valid reason for departure in his sentencing for a second degree murder conviction arising out of the incident. The "extraordinary and extreme" circumstances surrounding the incident were held to justify the departure, even though the defendant was convicted of the more serious offense of second degree murder, rather than manslaughter by intoxication or culpable negligence. Since in this case appellant was not convicted of the more serious offense of second degree murder, a fortiori, his actions in driving his vehicle on the wrong side of a divided highway, endangering numerous motorists, some of whom were forced off the road, justifies the trial court's departure based on appellant's reckless disregard for the safety of others.
Appellant argues that flagrant disregard for the safety of others is an inherent component of a manslaughter offense, citing the First District Court of Appeal's decision in Mayo v. State, 518 So.2d 458 (Fla. 1st DCA 1988). Manslaughter is statutorily defined as "[t]he killing of a human being by the act, procurement, or culpable negligence of another, without lawful justification according to the provisions of chapter 776 [justifiable use of force] and in cases in which such killing shall not be excusable homicide or murder... ." Presumably, it is the culpable negligence portion *1110 of the definition which leads the Mayo court to conclude that flagrant disregard for the safety of others is an inherent component of the crime. In our view, however, Mayo is distinguishable from the instant case. In Mayo, the defendant engaged in a one-on-one fight with the victim and there was no evidence that he endangered or placed at risk anyone else in the area. Id. at 461. We think that flagrant disregard for the safety of others may only be considered an inherent component of an offense such as manslaughter when it involves disregard only for the safety of the victim. When, as in this case, the flagrant disregard is for the safety of persons other than the victim, it should be considered a clear and convincing reason for departure and not an inherent component of the offense.
Since there are both valid and invalid reasons for departure, and it has not been shown beyond a reasonable doubt that the absence of the invalid reasons would not have affected appellant's sentence, we remand for resentencing. Albritton v. State, 476 So.2d 158 (Fla. 1985). The Albritton standard of review applies in this case, because the offenses for which appellant was convicted and sentenced were committed in 1985, prior to the enactment of chapter 87-110, which amended section 921.001, Florida Statutes (1985), to provide that one valid reason for departure mandates affirmance. State v. McGriff, 537 So.2d 107 (Fla. 1989).
Our disposition in this case hinges, of course, on our determination that none of the three points raised by appellant regarding errors allegedly committed by the trial court in the conduct of the trial requires reversal. However, we wish to address one of those points, in which appellant asserts that the trial court committed fundamental error by reciting to the jury the short form, rather than the long form, standard jury instructions on justifiable and excusable homicide. Appellant's counsel neither requested the long form nor objected to the short form, resulting in a situation in which the incompleteness of the instructions requires reversal only if it constitutes "fundamental error." Berry v. State, 547 So.2d 969 (Fla. 3d DCA 1989); Segars v. State, 537 So.2d 1052 (Fla. 3d DCA 1989). Our review of the record indicates, however, that no view of the evidence could support a finding of justifiable or excusable homicide. Under these circumstances, the trial court's failure to use the long form instruction does not constitute fundamental error. Banda v. State, 536 So.2d 221 (Fla. 1988), cert. denied, ___ U.S. ___, 109 S.Ct. 1548, 103 L.Ed.2d 852 (1989); Berry; Segars.
Appellant asserts, however, that lack of evidentiary support for the defense of justifiable or excusable homicide cannot be used as a rationale for holding that the failure to give the long form instruction thereon is not fundamental error when the incomplete instruction concerns the definition of a lesser included offense, citing this court's opinion in Smith v. State, 539 So.2d 514 (Fla. 2d DCA 1989). In Smith, the defendant was charged and convicted of second degree murder and failed to preserve for appeal the trial court's failure to give the long form instruction on excusable homicide, as part of the instruction on the lesser included offense of manslaughter. We held, in Smith, that under those circumstances the trial court's failure to give the complete instruction constitutes fundamental error. While Smith would appear to mandate a finding of fundamental error in the case sub judice, a close reading of our opinion indicates that its holding is limited to situations in which the court fails to instruct fully on a lesser included offense which is one step removed from the offense for which the defendant is convicted. Id. at 518 (n. 2 and text). In those situations, the trial court's failure to give complete instructions on the definition of the next-lesser included offense has the effect of removing from the jury a fair opportunity to exercise its inherent pardon power. Id. See State v. Abreau, 363 So.2d 1063 (Fla. 1978). Smith is inapplicable in situations in which the jury's inherent pardon power is not implicated, as in Berry, where the defendant was charged and convicted of manslaughter, and Segars, where the defendant was charged with second degree *1111 murder but convicted of the next-lesser included offense of manslaughter. In the case sub judice, as in Segars, appellant was charged with second degree murder but convicted of manslaughter. Therefore, Smith does not apply and the lack of evidentiary support for the defense of justifiable or excusable homicide requires a finding of no fundamental error.
This case is remanded for amendments to appellant's judgment and scoresheet and for resentencing in accordance with this opinion. Otherwise, the case is affirmed.
LEHAN and PARKER, JJ., concur.