PER CURIAM.
This is an appeal from the summary denial of Lang’s motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Of the three allegations of ineffective assistance of counsel contained in Lang’s motion, only one is facially sufficient. Specifically, Lang contends that counsel was ineffective for failing to object to the scoring of his primary offense at conviction as a life felony, rather than a second-degree felony, and for not objecting to the scoring of certain offenses as prior record, rather than as additional offenses at conviction. Lang contends that but for counsel’s omissions, his presumptive sentencing range would have been 4 and ⅝ to 5 and ½ years, instead of 17 to 22 years. If this allegation is true, then Lang may be entitled to relief. See Wilson v. State, 531 So.2d 1012 (Fla. 2d DCA 1988); Lomont v. State, 506 So.2d 1141 (Fla. 2d DCA 1987).
The trial court denied Lang’s motion and made specific findings and references to the record and file to support the denial. It failed, however, to attach those portions of the record which conclusively refute Lang’s allegation.
Accordingly, we reverse the order denying this allegation of Lang’s motion and remand the case to the trial court. On remand, unless the case files and records conclusively show that Lang is not entitled to relief on this ground, the trial court shall order the state to file an answer. After receipt of the answer, the trial court shall determine whether an evidentiary hearing is required. If the trial court should summarily deny the motion again, it shall attach such portions of the record which conclusively refute Lang’s allegation. Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days to obtain appellate review.
DANAHY, A.C.J., and FRANK and PARKER, JJ., concur.