571 So.2d 487 (1990)
James Edward LANG, Appellant,
v.
STATE of Florida, Appellee.
No. 90-01639.
District Court of Appeal of Florida, Second District.
August 29, 1990.
PER CURIAM.
James Edward Lang appeals the summary denial of his motion for postconviction relief. We affirm in part and reverse in part.
In a previous appeal we remanded for further consideration of Lang's claim of ineffective assistance of counsel. Lang v. State, 557 So.2d 679 (Fla. 2d DCA 1990). Lang had asserted that trial counsel failed to object to two separate errors on his sentencing guidelines scoresheet. The first omission dealt with Lang's "primary offense," armed robbery. This allegedly was scored as a life felony, when in fact it is a first degree felony punishable by life. § 812.13(2)(a), Fla. Stat. (1989). Attached to the trial court's latest order is a copy of the scoresheet, which indicates that the armed robbery conviction was properly scored. We therefore affirm the trial court with respect to the matter of Lang's primary offense.
Lang also alleged that certain offenses were scored as "prior record" when in fact they should have been "additional offenses at conviction." Specifically, he admitted to one armed robbery (1985), one residential burglary (1986), and numerous third degree felonies (1986), and stated that he was on community control for all these offenses when he committed the 1988 robbery. The scoresheet reflects no points for "additional offenses" but a substantial number for "prior record." The end result was a sentence in the 17-22 year range; this is more than would have been recommended had these offenses been scored as Lang suggests.
If Lang's factual assertions are correct, his argument would appear to have merit. See Small v. State, 547 So.2d 273 (Fla. 2d DCA 1989); Gonzalez v. State, 534 So.2d 1220 (Fla. 2d DCA 1988); DeVille v. State, 529 So.2d 319 (Fla. 2d DCA 1988). Neither the trial court's order nor its attachments sufficiently refute this portion of Lang's motion. Accordingly, we remand for further proceedings with respect to this one question.
*488 Affirmed in part, reversed in part, and remanded with instructions.
THREADGILL, A.C.J., and PARKER and PATTERSON, JJ., concur.