PER CURIAM.
Jerry Lee Perry appeals the summary denial of his timely filed motion for post-conviction relief. He alleges that the scoresheet used in his case was prepared pursuant to the version of Florida Rule of Criminal Procedure 3.701 in effect at the time of sentencing, rather than that in effect at the time the original offense was committed. See Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987); Dupont v. State, 514 So.2d 1159 (Fla. 2d DCA 1987). Specifically, he contends that his violation of probation should have been scored as an additional offense, not as was done, as prior record. See DeVille v. State, 529 So.2d 319 (Fla. 2d DCA 1988). A correct scoresheet would result in a lower guidelines sentencing range.
It appears that the appellant’s contentions are correct, however, because his motion was summarily denied this court does not have a complete account of what transpired before the circuit court. Accordingly, we reverse the denial of the appellant’s motion for postconviction relief and remand to the trial court to conduct an evidentiary hearing on the appellant’s motion.
SCHOONOVER, C.J., and HALL and THREADGILL, JJ., concur.