613 So.2d 115 (1993)
Robert Lee LEWIS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3280.
District Court of Appeal of Florida, Fourth District.
January 27, 1993.
Robert Lee Lewis, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Edward Giles, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant brings this appeal from the trial court's denial of his rule 3.850 motion for post-conviction relief. We reverse and remand for an evidentiary hearing if warranted or the attachment of portions of the record conclusively showing that appellant is not entitled to relief as to the claimed ineffective assistance of trial counsel in: 1) failing to object to the admission of a photo lineup; 2) failing to object to testimony regarding prior consistent statements made by the victim; 3) failing to object to statements made during closing argument; 4) failing to object to the improper scoring of appellant's prior convictions; and 5) failing to object to consecutive minimum mandatory sentences and consecutive life sentences. The portions of the record attached to the trial court's order denying the motion do not conclusively show that appellant is not entitled to relief as to these issues.
Contrary to the state's assertion, this court did not reach the merits of appellant's argument that the photo lineup admitted during appellant's trial was unduly suggestive in Lewis v. State, 525 So.2d 947 (Fla. 4th DCA 1988). From this record we are unable to determine whether defense counsel's failure to object to the admission of prior consistent statements made by the victim, and whether failure to object to improper closing arguments may have constituted ineffective assistance of counsel. As to the claimed ineffective assistance of counsel due to counsel's failure to object to the improper scoring of appellant's prior convictions, we note that such claims are cognizable by way of a rule 3.850 motion. See Lang v. State, 571 So.2d 487 (Fla.2d DCA 1990). We reject the state's argument that appellant's assertions regarding his sentence were refuted by a transcript of the sentencing hearing attached to its response below. No transcript of the hearing is attached to the state's response contained in this court's file, nor is a transcript attached to the trial court's order. See Young v. State, 598 So.2d 1084 (Fla. 4th DCA 1992). Lastly, appellant's argument regarding defense counsel's failure to object to consecutive sentences is supported by Palmer v. State, 438 So.2d 1 (Fla. 1983) (section 775.021(4)(a) was not intended to permit stacking of mandatory minimum *116 sentences for offenses arising from the same criminal episode).
Therefore we reverse and remand with directions to the trial court to conduct an evidentiary hearing if warranted, and to attach portions of the record conclusively showing that appellant is not entitled to relief on the aforementioned issues.
REVERSED and REMANDED.
GLICKSTEIN, C.J., and GUNTHER and POLEN, JJ., concur.