SHAHOOD, Judge.
The trial court summarily denied appellant’s motion for post-conviction relief filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. We reverse and remand.
Appellant was convicted of two counts of robbery with a firearm, aggravated assault with a firearm, reckless driving, fleeing and eluding a police officer, and leaving the scene of an accident. He was separately convicted of a severed count of possession of a firearm by a convicted felon. He separately appealed the above convictions which were affirmed by this court in Stone v. State, 616 So.2d 643 (Fla. 4th DCA 1993), and Stone v. State, 618 So.2d 247 (Fla. 4th DCA 1993).
Appellant then filed two motions for post-conviction relief. With respect to the first motion (the multiple count convictions), Stone alleged ineffective assistance of counsel for failure to file a pretrial motion to dismiss based on improper identification procedures used following his arrest, and for failure to impeach the testimony of the victims about his possession of a firearm during the commission of the charged offense.
In the second motion (the possession of firearm charge), appellant alleged ineffective assistance of counsel: (1) for failure to object to the testimony of a state witness about the witness’s ability to identify an exhibit based on its previous disclosure at a prior trial of appellant; (2) for failure to object to the identification procedures used after his arrest; (3) for failure to provide a sufficient factual basis for the defense motion for judgment of acquittal regarding the weapon being thrown from the passenger window of the subject automobile; and (4) for failure to investigate and present at trial a surveillance tape in a security camera which would have shown that appellant did not possess a firearm.
The state filed a response directed only to the first motion (the multiple count motion) simply alleging that it was legally and factually insufficient. The trial court, then entered an order denying appellant’s motion, or motions, as legally insufficient.
We find the claims raised by the appellant to be legally sufficient for a motion for post-conviction relief, requiring an evidentiary hearing or alternatively attachment of portions of the record conclusively showing that appellant was not entitled to the relief he seeks. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Lewis v. State, 613 So.2d 115 (Fla. 4th DCA 1993).
REVERSED AND REMANDED WITH DIRECTIONS.
FARMER and KLEIN, JJ., concur.