PER CURIAM.
The trial court summarily denied appellant’s motion for post-conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand.
Appellant was convicted of first-degree murder with a firearm, armed robbery with a firearm and aggravated assault with a firearm. He appealed to this court, which affirmed in Leonard v. State, 659 So.2d 1210 (Fla. 4th DCA), rev. dismissed, 666 So.2d 144 (Fla.1995). He then filed the instant timely and verified motion for post-conviction relief, alleging ineffective assistance of his trial counsel in faffing to properly challenge the identification testimony of the eyewitnesses to the crimes, and in failing to make a demonstration in court to establish that the clothing linked to the crimes could not possibly fit him without a belt or suspenders, neither of which the victims or witnesses observed.
The trial court summarily denied this motion for post-conviction relief “based on a review of the file and being otherwise fully *803 advised in the premises,” but it did not attach any portions of the trial court record.
We find that the appellant’s claims were legally sufficient for a motion for post-conviction relief, requiring an evidentiary hearing or, alternatively, the attachment of portions of the record conclusively showing that appellant was not entitled to the relief he sought. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Stone v. State, 667 So.2d 974 (Fla. 4th DCA 1996); Lewis v. State, 613 So.2d 115 (Fla. 4th DCA 1993).
REVERSED AND REMANDED WITH DIRECTIONS.
WARNER, KLEIN and SHAHOOD, JJ., concur.