COBB, Judge.
The issue in this case is whether the act of intentionally pointing an automatic pistol at another person and pulling the trigger, resulting in the victim’s death, constitutes the crime of manslaughter, even though the perpetrator believed the pistol to be unloaded and did not intend to inflict physical harm. We believe the answer is yes based upon precedent from this and other courts. See, e.g., Berry v. State, 547 So.2d 969 (Fla. 3d DCA 1989); Dellinger v. State, 495 So.2d 197 (Fla. 5th DCA 1986); Navarro v. State, 433 So.2d 1011 (Fla. 3d DCA 1983), rev. denied, 447 So.2d 887 (Fla.1984); Marasa v. State, 394 So.2d 544 (Fla. 5th DCA), rev. denied, 402 So.2d 613 (Fla.1981).
On August 19,1996, the appellant, W.L.H., III, a 12-year old, was playing with two cousins and a friend. W.L.H. obtained a .380 semi-automatic pistol and a clip from his parents’ bedroom. He previously had played with, and fired, the pistol without his parents’ knowledge. He put the clip in the pistol, *1348 pulled the slide back, and then removed the clip. He pointed it at the other children, causing them to flee the room. W.L.H. called to them that he had taken the clip out of the pistol. When his 12-year old cousin, Kimberly, came out of a closet, where she had been hiding, he pointed the pistol in her direction, pulled the trigger, and the bullet struck her between the eyes. Later, W.L.H. told investigating officers that he did not know the pistol would fire after the clip was removed, and expressed remorse.
We agree with the state that the established facts show that W.L.H. acted with gross disregard for his cousin’s safety and is criminally responsible for his deliberate actions. Indeed, there is authority for a finding, under the instant facts, of second degree murder had W.L.H. been an adult. See Dellinger, supra. We affirm the trial court’s adjudication of delinquency.
AFFIRMED.
W. SHARP and ANTOON, JJ., concur.