480 So.2d 718 (1986)
Herman HANNAH, Appellant,
v.
STATE of Florida, Appellee.
No. 85-70.
District Court of Appeal of Florida, Fourth District.
January 8, 1986.
*719 Richard L. Jorandby, Public Defender, and Ellen Morris, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
Appellant challenges the sentence imposed for his conviction of manslaughter with a firearm and the trial court's assessment of costs against him.
The State charged appellant by indictment with first degree murder of Anthony Matthews. Appellant saw the victim engaged in a fight with John Sands (appellant's friend). He left the scene of the altercation to obtain a gun, allegedly to stop the fighting. When he returned the fight had ended. As the victim and two others were driving away, appellant called out to him. The victim stopped the car and as he approached appellant, appellant shot him. The evidence conflicts as to whether the victim had in any way threatened appellant prior to the shooting. After shooting the victim appellant raised the gun and fired one shot in the air and another at a car occupied by two people. The jury returned a verdict of manslaughter with a firearm.
Appellant contends that the trial court erred when it included twenty-one points in his guidelines scoresheet for legal constraint at the time of the offense. Appellant also contends that the trial court lacked sufficient clear and convincing reasons to depart from the guidelines and to impose a sentence of thirty years in prison. Finally, appellant contends that the trial court erred in assessing costs against him.
Florida Rule of Criminal Procedure 3.988(a)(IV) adds twenty-one points if the defendant's "legal status at the time of the offense" constitutes "legal constraint." Rule 3.701(d)(6) defines legal status at the time of offense as follows:
Offenders on parole, probation, or community control; in custody serving a sentence; escapees; fugitives who have fled to avoid prosecution or who have failed to appear for a criminal judicial proceeding or who have violated conditions of a supersedeas bond; and offenders in pretrial intervention or diversion programs.
The only evidence of legal constraint came from a representative of the probation department. She testified that appellant's probation officer at HRS had told her that appellant had been furloughed from the Palm Beach County group home and that the conditions of his furlough required him to report in periodically. However, after a month appellant stopped reporting and although he was put on absconder status, it was later dropped to "inactive status." The record neither contains an explanation of the inactive status, nor contains any showing that appellant's legal status at the time of the offense came within the categories set forth in Rule 3.701(d)(6). Therefore, we hold that the trial court erred when it included this factor in computing appellant's recommended guideline sentence.
Appellant's next assertion of error concerns the three reasons stated by the trial court for departing from the guidelines: (1) the defendant's extensive juvenile record and the violations of the condition of his furlough; (2) the circumstances of the offense and the evidence demonstrating that appellant used an excessive amount of force, and (3) the defendant created an unreasonable risk to the safety of others by firing two more shots, one of which struck the taillight of a car occupied by two persons.
Appellant claims that the "extensive" juvenile record relied upon by the trial court included seven previous offenses which were disposed of without adjudication. *720 This assertion remains unrebutted and the record does not contain any evidence to the contrary. Juvenile dispositions used as a basis for departure from the guidelines must be the equivalent of convictions had they been committed by an adult. See Weems v. State, 469 So.2d 128 (Fla. 1985). Therefore, we must conclude that appellant's past juvenile record did not furnish a valid reason for departure from the guidelines.[1]
We also hold that the trial court's reliance upon the circumstances of the offense and excessive use of force as a reason for departing from the guidelines constituted error. An inherent component of the crime, the killing of a human being by the act, procurement, or culpable negligence of another without lawful justification, has already been factored into the guidelines range and cannot be used to justify a departure from the guidelines. See Bowdoin v. State, 464 So.2d 596 (Fla. 4th DCA 1985); Baker v. State, 466 So.2d 1144 (Fla. 3d DCA 1985).
Although the trial court properly considered appellant's creation of an unreasonable risk to the safety of others as a reason for departing from the guidelines, see Garcia v. State, 454 So.2d 714 (Fla. 1st DCA 1984), we are not convinced beyond a reasonable doubt that this reason standing alone would have produced the same result. Therefore, we reverse the sentence imposed by the trial court and remand this case for resentencing. See Albritton v. State, 476 So.2d 158 (Fla. 1985).
Finally, we vacate the taxation of costs against appellant without prejudice to the State to prove entitlement to those costs. See Jenkins v. State, 444 So.2d 947 (Fla. 1984).
REVERSED and REMANDED.
HERSEY, C.J., and BARKETT, ROSEMARY, Associate Judge, concur.
NOTES
[1] Although, it appears from the colloquy between counsel and the court that appellant's juvenile record may have included two offenses for which convictions were obtained, we cannot find evidentiary support for this conclusion in the record.