496 So.2d 236 (1986)
Roberto ESPINOSA, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-1001.
District Court of Appeal of Florida, Third District.
October 28, 1986.
*237 Bennett H. Brummer, Public Defender and Margaret S. Brodsky, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Ralph Barreira, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BARKDULL and HUBBART, JJ.
SCHWARTZ, Chief Judge.
Espinosa was indicted for first-degree murder and found guilty of the lesser offense of aggravated battery. The only appellate point he raises concerning the conviction claims error in the following instruction, given over objection:
It is the general law of this State that when the prosecution has produced evidence of the connection between the act complained of and the death, it is the duty of the defendant to come forward with evidence to show that death resulted from some other cause.
There is no doubt that this charge impermissibly shifts the burden of proof as to a vital element of a homicide charge, causation, from the prosecution and thus constitutes a violation of due process. Sandstrom v. Montana, 442 U.S. 510, 524, 99 S.Ct. 2450, 2459, 61 L.Ed.2d 39, 51 (1979); Francis v. Franklin, 471 U.S. 307, 318, 319, 105 S.Ct. 1965, 1973, 85 L.Ed.2d 344, 360 (1985). Because, however, the verdict reflects that the jury did not hold the defendant responsible for causing the victim's death, it is apparent that the charge in question had no effect on the result and was therefore entirely harmless. Hearn v. James, 677 F.2d 841 (11th Cir.1982) (instruction which erroneously shifted burden of proof as to intent required for murder charge harmless when defendant convicted of manslaughter which requires no intent); Richard v. State, 42 Fla. 528, 29 So. 413 (1900) (error as to instruction on murder harmless when jury convicted defendant of manslaughter); Mathis v. State, 45 Fla. 46, 34 So. 287 (1903) (error as to instruction on first-degree murder harmless when defendant convicted of third-degree murder); Day v. State, 54 Fla. 25, 44 So. 715 (1907) (error as to instruction on first-degree murder harmless when defendant convicted of second-degree murder); § 59.041, Fla. Stat. (1985); § 924.33, Fla. Stat. (1985).
Turning to Espinosa's challenge to his sentence, we find that the trial judge departed upward from the guidelines for reasons which are each unjustified under the prevailing law. Williams v. State, 492 So.2d 1308 (1986); Hendrix v. State, 475 So.2d 1218 (Fla. 1985); Echevarria v. State, 492 So.2d 1146 (Fla. 3d DCA 1986); Smith v. State, 482 So.2d 469 (Fla. 5th DCA 1986). Accordingly, the sentence is vacated and the cause is remanded for resentencing within the guidelines as properly computed.[1]
Affirmed in part, vacated in part and remanded.
NOTES
[1] In this regard, the parties agree that points may be scored in the "legal constraint" category because the defendant was on juvenile community control at the time of the incident.