528 So.2d 1342 (1988)
Mack MANIS, Appellant,
v.
STATE of Florida, Appellee.
No. 86-2697.
District Court of Appeal of Florida, Second District.
August 5, 1988.
James Marion Moorman, Public Defender, Bartow, and Brad Permar, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Chief Judge.
Appellant appeals his judgments and sentences for two counts of second degree murder. Appellant was driving his motor vehicle when it struck another vehicle and killed the two occupants.
Appellant argues that second degree murder is an improper charge for vehicular homicide. Appellant's contention has been rejected in State v. Gordon, 478 So.2d 1063 (Fla. 1985). We, therefore, affirm appellant's convictions for second degree murder.
Appellant also contends that the trial judge erred in departing from the recommended guideline sentence. We disagree.
The trial judge gave the following written reasons for departure:
1. Defendant is a danger to the community in that he has exhibited a complete disregard for the property rights and safety of others and for the law itself. Specifically the defendant, who has a long and continued pattern of alcohol abuse and alcohol related crimes, consumed a large amount of an alcoholic beverage, his blood alcohol level was .30  three times the level at which the law presumes a person to be under the influence of an alcoholic beverage to the extent his normal faculties are impaired  and then drove a vehicle in the middle of the afternoon on a busy street, Hillsborough Avenue. Immediately prior to the fatal accident, the defendant had been involved in two other accidents, one involving an injury, but failed to stop at either accident.
2. Defendant has shown resistance to any attempts at rehabilitation from his severe alcohol abuse problem. He has *1343 demonstrated a past pattern of committing crimes involving alcohol abuse including a prior manslaughter by intoxication to which he pled guilty and in which his blood alcohol level was .238.
3. Defendant committed a prior identical crime, yet this did not deter him from committing the same type of crime again. In 1975 the defendant pled guilty to the crime of manslaughter by intoxication in which the victim was his own brother, George Manis.
We first observe that it is proper to review the departure reasons collectively to determine whether or not, when viewed as a whole, they constitute a valid ground for departure. Silveira v. State, 525 So.2d 429 (Fla. 1st DCA 1988).
It is clear from the departure order and the record of the sentencing hearing that the trial judge was properly impressed and concerned that the facts of this case demonstrate that appellant had evinced a flagrant disregard for the safety of others. This was evidenced by appellant's actions in driving his vehicle on a busy street in a highly intoxicated condition to the extent that many people, in addition to the two who died as a result of his actions, were placed in extreme jeopardy of serious bodily injury. Such a flagrant disregard for the safety of others constitutes a clear and convincing reason for departure. Scurry v. State, 489 So.2d 25 (Fla. 1986). Such flagrant disregard was further evidenced by the trial judge's recitation of the facts concerning another vehicular homicide caused by appellant and his continued resistance to attempts to rehabilitate him from the alcohol abuse that led to this conduct. The trial judge's concern with appellant's continuing problem with alcohol and driving evinced a concern that was substantially more than a mere concern with appellant's prior record. Williams v. State, 504 So.2d 392 (Fla. 1987).
The facts of this case and the trial judge's departure order support the obvious conclusion that the trial judge considered the circumstances surrounding this offense highly extraordinary and extreme. Hall v. State, 517 So.2d 692 (Fla. 1988); Vanover v. State, 498 So.2d 899 (Fla. 1986). Those extraordinary circumstances and appellant's flagrant conduct and disregard for the safety of others were proper for the trial court to consider as departure reasons even though appellant was convicted and sentenced for the more serious offense of second degree murder rather than for manslaughter by intoxication or culpable negligence.
Affirmed.
SCHEB and THREADGILL, JJ., concur.