543 So.2d 432 (1989)
David A. BUTLER, Appellant,
v.
STATE of Florida, Appellee.
No. 88-01876.
District Court of Appeal of Florida, Second District.
May 19, 1989.
David A. Butler, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
David Butler appeals his nine-year sentence for robbery. The sole question presented is whether the trial court erred in including seventeen points for "legal constraint" on Butler's sentencing guidelines scoresheet. See Fla.R.Crim.P. 3.701(d)(6); 3.988(c)(IV). Deletion of the contested points would result in a reduction of the sentence.
*433 In 1983 Butler, then a juvenile, was found to have committed an aggravated assault and was placed on community control under the supervision of the Department of Health and Rehabilitative Services. See § 39.11, Fla. Stat. (1987). In 1984, apparently after a violation, he was committed to San Antonio Boys' Village, a residential facility. Three months later Butler was "laterally transferred" to a second program in St. Petersburg, one which permitted him to reside with his mother. Butler next was "furloughed," a procedure which was described as "pretty much like community control." In connection with this final transfer Butler signed a document in which he acknowledged that supervision by a counselor would continue and agreed to certain other conditions including adherence to the law. He remained "under the custody of" the Department and, in 1985, committed the robbery for which he received the sentence now under review.
Butler argues that a juvenile furlough is not "legal constraint" as that term is utilized in the sentencing guidelines. We disagree. Under the applicable rule points shall be added whenever the defendant, at the time of the offense before the court for sentencing, was on community control. Fla.R.Crim.P. 3.701(d)(6). The rule does not distinguish between the adult sanction known as community control, as defined in section 948.001, Florida Statutes (1987), and community control programs applicable to juveniles. See Espinosa v. State, 496 So.2d 236, 237 n. 1 (Fla. 3d DCA 1986). Testimony that a furlough is basically the same as community control is consistent with Rule 10H-1.003, Florida Administrative Code, which defines a furlough as "release of a child, pursuant to an executed conditional agreement, from a treatment program of the Department to supervision in the community." See also, Rule 10H-9.003, F.A.C.
Butler relies primarily upon Hannah v. State, 480 So.2d 718 (Fla. 4th DCA 1986), which, under similar circumstances, struck the inclusion of points for legal constraint. Although Hannah, like the present case, involved a defendant on juvenile furlough, we believe a crucial (and distinguishing) factor was the placement of Hannah, an absconder, on "inactive status." Apparently no definition of the term "inactive" ever was provided for the trial or appellate court. Such an omission does not arise in the present case.
Affirmed.
CAMPBELL, C.J., and SCHEB and THREADGILL, JJ., concur.