PER CURIAM.
Enrique Vasquez appeals judgments of conviction and an upward departure sentence on two counts of DUI manslaughter and one count of leaving the scene of an accident involving personal injury. We affirm the judgments of conviction and comment only upon the alleged error in the departure sentence; Vasquez’s remaining points of error regarding evidentiary rulings are meritless.
The trial court sentenced Vasquez to thirty-five years’ incarceration, an upward departure from the guidelines range of seventeen to twenty-two years. The trial court’s written reasons for departure included Vasquez’s flagrant disregard for the welfare and safety of others in driving drunk across a heavily-traveled bridge, the suffering endured by one of the victims who burned to death at the scene, and Vasquez’s blood alcohol level of .277, which was almost three times the legal limit.
There is no record support for the first departure reason. No testimony was elicited to show that the bridge was heavily traveled at the time the accident occurred or, indeed, at any specific time of day. Testimony at trial established only that “the bridge appeared to be a parking lot” because of the accident and the resulting traffic backup.
The second reason for departure is valid. While a court may not use an inherent component of the crime in question to justify departure, Steiner v. State, 469 So.2d 179 (Fla. 3d DCA), rev. denied, 479 So.2d 118 (Fla.1985), being burned alive is in no way an inherent component of DUI manslaughter.
There is clear record support for the third departure reason, that Vasquez was *197 impaired nearly three times the level at which the law presumes an individual to be under the influence of alcohol. In Manis v. State, 528 So.2d 1342 (Fla. 2d DCA), rev. denied, 534 So.2d 400 (Fla.1988), the court upheld a departure sentence for vehicular homicide based upon the defendant’s flagrant disregard for the safety of others coupled with a .30 blood alcohol level. In the instant case, the second and third reasons taken together support the departure sentence. We find that the state has shown beyond a reasonable doubt that the absence of the impermissible reason would not have affected the departure sentence. Albritton v. State, 476 So.2d 158 (Fla. 1985). Accordingly, the sentence under review is affirmed.
Affirmed.