WENTWORTH, Judge.
Appellant seeks review of his sentence imposed pursuant to Florida Rule of Criminal Procedure 3.701 for a conviction of grand theft. Appellant contends that his juvenile aftercare post-commitment program does not constitute legal constraint under Rule 3.701(d)(6). We reverse on authority of Ellison v. State, 547 So.2d 1003 (Fla. 1st DCA 1989).
Appellant is a juvenile offender who was adjudicated delinquent and was placed in the Arthur G. Dozier School for Boys. Upon completion of the term of that penalty and release from the Dozier school he was placed on juvenile “aftercare.” Pursuant to the conditions of his aftercare,-appellant was required to report to the Department of Health and Rehabilitative Services (HRS) once a week for 30 days after release from Dozier. Appellant failed to report to HRS, and two weeks after this reporting period otherwise would have elapsed he committed the instant offense. Appellant was convicted of grand theft and sentenced as an adult.
Under Florida Rule of Criminal Procedure 3.701(d)(6), an offender will be scored if his legal status at the time of the offense constitutes legal constraint. Parole, probation, and community control all constitute legal constraint. Fla.R.Crim.P. 3.701(d)(6). The rule does not distinguish between adult and juvenile constraints. Although it is certainly arguable (as held in Butler v. State, 543 So.2d 432 (Fla. 2d DCA 1989)), that appellant’s “aftercare” supervision program, which required specified contacts with an HRS counselor, is analogous to a post-incarceration parole, probation or community control program, we believe the instant case is controlled by this court’s recent decision in Ellison, supra. We held there that a juvenile’s furlough status could not be scored under Fla.R.Crim.P. 3.701(d)(6). Insofar as interpretation of that rule and the meaning of “legal constraint” as used in the scoresheet (Fla.R. Crim.P. 3.988), we are unable to discern any material distinction between the “aftercare” status in the instant case and the “furlough” status in our earlier Ellison case.
Pursuant to Rule 9.030(a)(2)(A)(iv), Fla.R. App.P., we certify that this decision expressly conflicts with the decision of the second district court of appeal on the same question of law in Butler v. State, supra, and that this frequently recurring issue is a question of exceptional importance.
*820 Reversed and remanded for resentencing in compliance herewith.
THOMPSON and NIMMONS, JJ., concur.