561 So.2d 576 (1990)
STATE of Florida, Petitioner,
v.
Stanley B. ELLISON, Respondent.
No. 74532.
Supreme Court of Florida.
May 17, 1990.
Robert A. Butterworth, Atty. Gen., and Edward C. Hill, Jr., Asst. Atty. Gen., Tallahassee, for petitioner.
Louis O. Frost, Jr., Public Defender, and James T. Miller, Asst. Public Defender, Jacksonville, for respondent.
PER CURIAM.
We have for review Ellison v. State, 547 So.2d 1003 (Fla. 1st DCA 1989), due to certified conflict with Butler v. State, 543 So.2d 432 (Fla. 2d DCA 1989). We grant review pursuant to article V, section 3(b)(4) of the Florida Constitution. We quash in part the decision of the district court below.
In May 1988, a gray Grand Am automobile was stolen from a Jacksonville mall. The following day, a police officer observed a gray Grand Am exceeding the speed limit and gave chase. Following a high speed pursuit, the driver of the Grand Am lost control and struck another vehicle head on, fatally injuring a sixteen-month-old baby. Ellison, the driver of the Grand Am, was charged with, and convicted of, second-degree murder. At sentencing, the judge added twenty-one points to the scoresheet total for legal constraint because Ellison was on juvenile furlough status at the time of the offense.
Ellison was sentenced to twenty-two years' incarceration for the second-degree murder conviction, and five years for the grand theft, to run concurrently. The district court determined that there was insufficient evidence to support a second-degree murder charge because the state failed to show that Ellison acted out of "ill-will, hatred, spite or an evil intent" toward his eventual victim. It reversed and remanded with directions to enter judgment for manslaughter. It also ruled that it was error to assign status points based on Ellison's furlough status. It certified conflict with Butler, wherein the court held that juvenile furlough constitutes legal constraint for the purpose of assessing status points.
The state argues that the district court erred in interpreting Florida Rule of Criminal Procedure 3.701(d)(6) as excluding juvenile furlough status from legal constraint for the purpose of adding status points to the guidelines scoresheet. We agree. This Court addressed this issue in State v. Young, 561 So.2d 583 (Fla. 1990), holding that juvenile furlough constitutes legal constraint for the purpose of guidelines sentencing.
*577 We agree with the district court's conclusion that there was insufficient evidence that Ellison acted out of "ill-will, hatred, spite or an evil intent" toward his eventual victim. See Fla.Std.Jury Instr. (Crim.) at 65. Ellison's act of losing control of the car was not committed from ill-will or spite.
We approve that part of the district court's opinion concerning the reduction of the sentence from second-degree murder to manslaughter. We quash the portion of the decision relating to juvenile furlough and remand for resentencing.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.