561 So.2d 583 (1990)
STATE of Florida, Petitioner,
v.
Patrick Allen YOUNG, Respondent.
No. 74812.
Supreme Court of Florida.
May 17, 1990.
Robert A. Butterworth, Atty. Gen., and Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for petitioner.
Barbara Linthicum, Public Defender, and Lawrence M. Korn, Asst. Public Defender, Tallahassee, for respondent.
McDONALD, Justice.
We review Young v. State, 549 So.2d 819 (Fla. 1st DCA 1989), to resolve conflict with Butler v. State, 543 So.2d 432 (Fla. 2d DCA 1989). We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution. The issue is whether a person's juvenile aftercare postcommitment program constitutes a legal restraint for assessing points under the sentencing guidelines. Young holds that it does not; Butler holds that it does. We quash Young and approve Butler.
As penalty for having committed a felony, Young, aged sixteen years, was committed to the Department of Health and Rehabilitative Services (HRS) and placed at the Arthur G. Dozier School for Boys, a restrictive and punitive program. After ninety days, Young was released on aftercare, a postconviction program, and directed to report to HRS and fulfill additional sanctions, including counseling. Young reported once, but did not report again or go to counseling. Instead, he committed a new felony. He was charged and was to be tried as an adult when he pled guilty to the new offense.
The trial judge found it proper to include points allocated for a person under legal restraint to a juvenile on aftercare status following a juvenile commitment. The district court, relying on its decision in Ellison v. State, 547 So.2d 1003 (Fla. 1st DCA 1989), quashed, 561 So.2d 576 (Fla. 1990), disagreed. Ellison held including such points improper because the juvenile was on "furlough status" and because rule 3.701(d)(6), Florida Rules of Criminal Procedure, did not specifically include furlough status in those categories under which an offender must fall if points for legal status are to be addressed.
In Butler the second district resolved this issue by stating:
Under the applicable rule points shall be added whenever the defendant, at the time of the offense before the court for sentencing, was on community control. Fla.R.Crim.P. 3.701(d)(6). The rule does not distinguish between the adult sanction known as community control, as defined in section 948.001, Florida Statutes (1987), and community control programs applicable to juveniles. See Espinosa v. State, 496 So.2d 236, 237 n. 1 (Fla. 3d DCA 1986). Testimony that a furlough *584 is basically the same as community control is consistent with Rule 10H-1.003, Florida Administrative Code, which defines a furlough as "release of a child, pursuant to an executed conditional agreement, from a treatment program of the Department to supervision in the community." See also, Rule 10H-9.003 F.A.C.
543 So.2d at 433.
It was the intent of the Sentencing Guidelines Commission that a person be treated more harshly for committing a crime while still under penalty for a prior crime. The second district's analysis accurately reflects this intent while the opinion under review does not. Hence, we quash Young and remand with instructions to reinstate the sentence imposed by the trial judge.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.