569 So.2d 1223 (1990)
Charlie BROWN, Jr., Petitioner,
v.
STATE of Florida, Respondent.
No. 73590.
Supreme Court of Florida.
July 26, 1990.
Rehearing Denied November 15, 1990.
Neal L. Betancourt, Jacksonville, for petitioner.
Robert A. Butterworth, Atty. Gen., and John M. Koenig, Jr. and Charlie McCoy, Asst. Attys. Gen., Tallahassee, for respondent.
PER CURIAM.
We have for review Brown v. State, 535 So.2d 671 (Fla. 1st DCA 1988), based on express and direct conflict with Hendsbee v. State, 497 So.2d 718 (Fla. 2d DCA 1986), and Lee v. State, 486 So.2d 709 (Fla. 5th DCA 1986). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Brown was convicted in 1983 of two counts of armed robbery and one count each of kidnapping and battery on a law enforcement officer in connection with a bank robbery. He had been sentenced to prison pursuant to a plea bargain, but because his trial counsel did not inform him that he had a right to be sentenced under the guidelines, the court vacated the convictions and set aside the guilty pleas. State v. Brown, 525 So.2d 454 (Fla. 1st DCA 1988). Upon setting aside the convictions and pleas, the trial court set bail at $25,000, the same amount which had been set before Brown was convicted. Within three months and before he could be retried, Brown robbed a Jacksonville bank. As a consequence, he was convicted of two counts of robbery with a deadly weapon and one count of threatening to discharge a destructive device. Because Brown had no prior valid convictions, the guidelines' recommended sentence was four and one-half to five and one-half years. At sentencing, the trial court found this range too lenient, departed from the recommendation, and sentenced Brown to concurrent sentences of fifty years.[1]
In support of this departure, the trial court gave four reasons, only one of which is relevant to this review:[2]
3. Defendant's conduct displays a lack of regard and a contempt for the law and the judicial system. Despite the Court's recent favorable rulings allowing defendant to replead his prior charges and providing for defendant's release on *1224 bond, defendant showed little regard for the judicial process by committing armed robbery. Further, defendant directly violated the conditions of his release from prison which the Court set forth in its Order for Bail. Specifically, said Order provided that defendant was required to reside with his father and that defendant was not to leave his father's residence without being accompanied by his father except when defendant was at work. The Order also allowed one half (1/2) hour before and after work for defendant to get to and from work. Defendant's failure to abide by these conditions demonstrates his direct contempt for the judicial system and warrants an upward departure from the sentencing guidelines. .. .
(Citations omitted.)
In upholding the sentence for this reason, the First District Court of Appeal stated that lack of regard for the judiciary and the law was a permissible ground for departure. Similar pronouncements have been made in Fry v. State, 497 So.2d 964 (Fla. 1st DCA 1986), and Fuller v. State, 488 So.2d 594 (Fla. 2d DCA 1986). Yet, other opinions contain the flat statement that lack of respect for the judicial system or the law is an invalid reason for departure. Hendsbee; Lee; Robinson v. State, 530 So.2d 1085 (Fla. 4th DCA 1988), review denied, 542 So.2d 989 (Fla. 1989).
The question presented is whether disrespect for the law[3] is a sufficient reason for a departure sentence under the sentencing guidelines. In reviewing this body of law from the district courts, we are mindful that some valid reasons generically can be considered "disrespect for the law." This fact may have generated the confusion apparent in the district courts. For instance, we have held that an escalating pattern of criminal conduct occurring over several years is a valid ground for imposing a sentence beyond that recommended by the guidelines. Williams v. State, 504 So.2d 392 (Fla. 1987); Keys v. State, 500 So.2d 134 (Fla. 1986). We also have held that a continuing and persistent pattern of criminality is a sufficient basis for departure. State v. Jones, 530 So.2d 53 (Fla. 1988). Without question, such a pattern of criminality evinces considerable disrespect for the law.
Having recognized this fact, however, we also note that the overall concept of "disrespect for the law" is far broader than the specific types of misconduct cited in Jones, Williams, and Keys. Reasonable people might conclude, for instance, that any crime constitutes disrespect for the law, but allowing such a conclusion to justify a departure sentence would abolish the sentencing guidelines completely. The exception would devour the rule. Moreover, disrespect for the law is vague and potentially overinclusive. Authorizing its use would only encourage imprecise analysis of departure sentences. We thus conclude that disrespect for the law, standing alone, is not sufficient to justify a departure sentence because it is an inherent component of every criminal offense.
However, the foregoing analysis does not fully dispose of the instant case because the trial court supplied a basis for the conclusion that Brown had a lack of regard and a contempt for the law and the judicial system. We must therefore decide whether the underlying predicate for the conclusion is, by itself, a sufficient reason for departure.[4] While Brown was awaiting trial for the 1983 robbery, he was released on bail on the condition that he was to stay at his father's house except when he was at work. The order allowed him one-half hour to go back and forth from his job. He violated the specific conditions of his bail *1225 when he committed the 1987 robbery. The question is whether this violation provided a legitimate reason for the trial court to depart from the guidelines. We conclude that it did not.
Had Brown been on probation when he committed the 1987 robbery, there would have been seventeen extra points factored into his guidelines scoresheet for legal constraint. This would have raised the guidelines' recommendation one cell to a range of five and one-half to seven years. Brown's violation of the conditions of his bail does not appear appreciably different than if he had violated his probation by committing a crime. However, if the bail violation is a permissible basis for departure, Brown's sentence will be more than six times as long as it would have been if it were the conditions of probation he had violated.
Bail violations are not designated as legal constraint in the guidelines. However, we hold that the violation of specific conditions for release on bail, such as in Brown's case, is the equivalent of legal constraint and should be scored as such on the guidelines scoresheet. This is consistent with our recent decisions in State v. Young, 561 So.2d 583 (Fla. 1990) (juvenile aftercare considered as legal constraint), and State v. Ellison, 561 So.2d 576 (Fla. 1990) (juvenile furlough considered as legal constraint).
When a person's status is scored as legal constraint, it cannot be used as the basis for a departure sentence. Lambert v. State, 545 So.2d 838 (Fla. 1989). Therefore, Brown's violation of the conditions of his bail was an invalid reason for departure. We quash the decision below and remand the case to the district court of appeal for consideration of the validity of the other three reasons which were given for departure. To the extent of inconsistency with this opinion, we disapprove Fry and Fuller.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, EHRLICH, BARKETT and KOGAN, JJ., concur.
GRIMES, J., concurs with an opinion.
GRIMES, Justice, concurring.
The district court of appeal reasonably concluded that Brown's violation of the conditions of his bail was a valid reason for departure because this was not among the circumstances enumerated by Florida Rule of Criminal Procedure 3.701 as legal constraint. However, I cannot quarrel with the majority opinion in view of our recent expansion of the definition of legal constraint in State v. Young, 561 So.2d 583 (Fla. 1990), and State v. Ellison, 561 So.2d 576 (Fla. 1990).
NOTES
[1] The sentence was 50 years for each of the robbery counts and 15 years for threatening to discharge a dangerous device, with all sentences running concurrently.
[2] The court found it unnecessary to consider the validity of the other three reasons.
[3] This particular factor for departure has been given different names such as "lack of respect for the law," "contempt for the law," or "disregard of the justice system." However phrased, the general concept is disrespect for the law.
[4] There are a number of cases in which the courts have analyzed the validity of reasons given for the judge's conclusion that the defendant had disrespect for the law. In view of the position we take in this opinion, these cases have precedential value only to the extent that they pass on the validity of the underlying reasons.