PETERSON, Judge.
Brian Keith Douglas had been released from incarceration in the Department of Corrections by the Control Release Authority (Authority) under the status “control release” pursuant to section 947.146(2), Florida Statutes. While still on control release, he committed two new offenses: resisting an officer with violence and criminal mischief. At sentencing, the trial court imposed points for legal constraint. Douglas complains that his control release status is not the equivalent of legal constraint within the meaning of the sentencing guidelines and that points were improperly imposed. He argued below that points should not be assigned because the Authority had not found that he had violated the terms of his control release at the time he was sentenced. He makes no argument that he was not under supervision under the terms of his control release. We affirm.
Section 947.146, Florida Statutes (1989), created the Control Release Authority which is composed of the members of the Parole Commission. The control release of a prison inmate is an administrative function used solely to manage the state prison population within lawful capacity. Section 947.146(2), Fla.Stat. When an inmate is placed on control release, appropriate terms, conditions, and length of supervision are imposed. Section 947.146(10), Fla.Stat. If a releasee violates any terms or conditions, he may be returned to prison with all gain time or commutation of time forfeited. Sections 947.141(4), 947.146(11), Fla.Stat.
Douglas cites Rule 3.701(d)(6), Florida Rules of Criminal Procedure, in support of his argument that his status under control release is not considered legal constraint. He says that control release is not mentioned in the definition of legal status at the time of offense. The rule provides:
Legal status at time of offense is defined as follows: Offenders on parole, probation, or community control; in custody serving a sentence; escapees; fugitives who have fled to avoid prosecution or who have failed to appear for a criminal judicial proceeding or who have violated conditions of a supersedeas bond; and offenders in pretrial intervention or diversion programs. Legal status points are to be assessed where these forms of legal constraint existed at the time of the commission of offenses scored as primary or additional offenses at conviction. Legal status points are to be assessed only once whether there are one or more offenses at conviction.
A similar argument was made in State v. Young, 561 So.2d 583 (Fla.1990), when the supreme court considered whether a juvenile’s “furlough status” constituted legal constraint for purposes of assessing points under the sentencing guidelines. The court stated: “It was the intent of the Sentencing Guidelines Commission that a person be treated more harshly for committing a crime while still under penalty for a prior crime.” Young, 561 So.2d at 584. Douglas was still under penalty for a prior crime when he was under control release since he *1283 could again be incarcerated for violating the terms and conditions of his release. His freedom from confinement was not due to fulfillment of his sentence; it was due solely to lack of prison capacity. The supreme court has wisely construed the rule based upon the intent of the Sentencing Guidelines Commission, and we construe Rule 3.701(d)(6) to include persons under “control release” for purposes of imposing legal constraint points.
We find no merit in Douglas’ argument that points should not be assigned simply because the Authority had not revoked his control release by the time he was sentenced on the new offenses. Perhaps that argument will stimulate a review of his status by the Authority.
AFFIRMED.
COBB and DIAMANTIS, JJ., concur.