PETERSON, Judge.
The state appeals Bernard King’s guideline sentence based upon the trial court’s refusal to assess points for legal constraint. We reverse.
King was under “control release” pursuant to section 947.16, Florida Statutes (1992), but the release was revoked and a warrant was issued for his arrest. When an officer attempted to serve the warrant and place King in custody, he resisted, picked up a rake and approached the officer in a menacing manner. He was then charged with aggravated assault and resisting arrest with violence. *279 King pled guilty to resisting arrest with the agreement that the maximum sentence could be five years incarceration and a $5,000 fine.
Based on a score of 131 points which yielded a second cell permitted range of one to three and one-half years, the trial court imposed a three year term of incarceration. The score would have been 167 points if 36 legal constraint points had been added and would have allowed a sentence within the third cell permitted range of one to four and one-half years.
In Douglas v. State, 606 So.2d 1281 (Fla. 5th DCA 1992), this court interpreted rule 3.701(d)(6), Florida Rules of Criminal Procedure, which provides for assessment of points for legal constraint, to include control release. King’s argument against the assessment of legal constraint points was that although he had been under “control release”, it had been revoked before he committed the new crimes. However, the effect of the revocation was that King was to return to prison rather than remain outside of prison under control release. While King remained outside of prison between the time the decision was made to revoke his control release and the time he was taken into custody to continue his period of incarceration, he was still under the control of the Florida Parole Commission/Control Release Authority and, therefore, still under constraint.
We recognize that the assessment of 36 additional points on the category four score-sheet advances the guidelines to the third cell, and that King’s sentence of three years still falls within the recommended and permitted range of the third cell. However, we remand for the trial court to determine whether an increase in the sentence is appropriate in view of the change in the score-sheet. Our remand is not be interpreted as a recommendation that such an increase take place; we leave that determination to the complete discretion of the trial court.
The judgment of conviction is affirmed, the sentence vacated and we remand for resen-tencing within the guidelines.
JUDGEMENT AFFIRMED; SENTENCE VACATED; REMANDED.
THOMPSON, J., concurs.
W. SHARP, J., dissents with opinion.