MICKLE, Judge.
This cause comes before us on appeal after remand.[1] Jeter first sought review of his sentences arguing his guidelines scoresheet was calculated erroneously in that (1) primary and additional offenses were scored incorrectly, and (2) legal constraint points were assessed improperly. The state conceded error with respect to the scoring of primary and additional offenses. With regard to the second point, because there was no evidence in the record to demonstrate that Jeter was under legal constraint at the time he committed the primary offenses, this court concluded that legal constraint points had been scored in error. In remanding for correction of the scoresheet, this court noted that the state could seek a determination *108 below as to the assessment of legal constraint points.
Upon remand, a hearing was conducted on October 6,1992, at which the state offered into evidence the following two documents: (1) a petition to terminate juvenile postcommitment community control and (2) an order continuing postcommitment community control. Juvenile aftercare posteommitment programs constitute legal constraint for purposes of assessing points under the sentencing guidelines. See State v. Young, 561 So.2d 583 (Fla.1990). At the resentencing hearing conducted on January 14, 1993, the state submitted a new scoresheet, again assessing points for legal constraint.
In the instant appeal, Jeter argues anew that the evidence does not support this assessment. We disagree. Our reading of the transcript of the October 6 hearing reveals that the aforementioned documents were introduced into evidence. The trial judge orally noted for the record the introduction of these two documents, specifically identifying each. We are convinced on the record before us that the state introduced evidence sufficient to demonstrate that Jeter was in fact being supervised under juvenile community control, and was thus under legal constraint, at the time he committed the original offenses.[2] Young, supra. We therefore affirm.
AFFIRMED.
BOOTH and BENTON, JJ., concur.

. Jeter v. State, 604 So.2d 1250 (Fla. 1st DCA 1992).

. At the resentencing hearing, neither party mentioned the October 6, 1992 hearing, and defense counsel made no challenge to the assessment of legal constraint points. In this appeal, appellee, via a motion to supplement the record with a transcript of the October 6 hearing, first made us aware that this hearing took place. Jeter's initial brief makes no reference to this hearing, nor did Jeter respond to the supplemental record by way of reply brief.