686 So.2d 662 (1996)
Thomas Pearson DUCKETT, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 94-00077.
District Court of Appeal of Florida, Second District.
December 11, 1996.
Rehearing Denied January 14, 1997.
James Marion Moorman, Public Defender, and Jennifer Y. Fogle, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
PARKER, Judge.
Thomas Pearson Duckett, Jr., appeals his convictions and sentences for five counts of second-degree murder and his sentences for driving while under influence (DUI) with serious bodily injury, personal injury, and property damage. We conclude that the five convictions for second-degree murder must be reduced to convictions for manslaughter and Duckett must be resentenced for these five crimes. Otherwise, we affirm.
The offenses for which Duckett was convicted arose from an accident which Duckett caused. On the night of the accident Duckett was highly intoxicated. He had been speeding and weaving in and out of traffic for several miles and almost caused two other accidents. At one point Duckett had stopped on the side of the road and leaned against his vehicle. He then got back in his vehicle and continued his reckless driving. He eventually ran off the interstate into the grass and hit a tow truck and then a disabled church bus, both of which were clearly visible to other drivers. Duckett killed five people who were standing near the bus and injured several others. The state charged Duckett with five counts of second-degree *663 murder, five counts of manslaughter, five counts of DUI manslaughter, two counts of DUI with serious bodily injury, eight counts of DUI with property damage or injury, driving with a suspended driver's license, unauthorized possession of a driver's license, and possession of marijuana.
The elements for second-degree murder set out in the Florida Standard Jury Instructions in Criminal Cases, are as follows:
1. (Victim) is dead.
2. The death was caused by the criminal act or agency of (defendant).
3. There was an unlawful killing of (victim) by an act imminently dangerous to another and evincing a depraved mind regardless of human life.
Fla.Std. Jury Instr. (Crim.) 66. The standard jury instructions define the term "imminently dangerous to another and evincing a depraved mind regardless of human life" as follows:
An act is one "imminently dangerous to another and evincing a depraved mind regardless of human life" if it is an act or series of acts that:
1. a person of ordinary judgment would know is reasonably certain to kill or do serious bodily injury to another, and
2. is done from ill will, hatred, spite or an evil intent, and
3. is of such a nature that the act itself indicates an indifference to human life.
Fla.Std. Jury Instr. (Crim.) 66.
The facts in this case do not constitute second-degree murder because there was no evidence offered at trial to support the fact that Duckett's act was done from ill will, hatred, spite, or an evil intent toward the victims. We recognize this court's decision in Manis v. State, 528 So.2d 1342 (Fla. 2d DCA), review denied, 534 So.2d 400 (Fla. 1988), holding that a driver impaired by alcohol causing death to another may be convicted of second-degree murder. The Manis court did not address the facts it found sufficient to prove the act which killed the victim was imminently dangerous to another evincing a depraved mind regardless of human life. Instead, this court focused on the facts it found supported a departure sentence. We agree with Manis that, under some circumstances, a person may be convicted of second-degree murder for vehicular homicide. In the instant case, however, the state failed to prove all of the elements of second-degree murder.
This case is similar to Ellison v. State, 547 So.2d 1003 (Fla. 1st DCA 1989), approved in part, quashed in part, 561 So.2d 576 (Fla. 1990). Ellison was involved in a high-speed police chase. He was weaving in and out of traffic until his vehicle jumped the median and he lost control of the car and struck another vehicle head on, killing a baby who was a passenger in that vehicle. The First District Court concluded that these facts did not support a second-degree murder conviction and reduced the conviction to manslaughter. The supreme court approved of the First District Court's conclusion that the facts did not support a finding that Ellison acted out of ill will, hatred, spite, or an evil intent toward his victim. See State v. Ellison, 561 So.2d 576, 577 (Fla.1990).
Pursuant to section 924.34, Florida Statutes (1991), we reverse Duckett's judgments on the five counts of second-degree murder (Counts 1, 4, 7, 10, and 13), and direct the trial court to enter judgments on these five counts for manslaughter, a second-degree felony, which is an offense necessarily included in the offense of second-degree murder. See Gould v. State, 577 So.2d 1302 (Fla.1991); Ellison.
Duckett also challenges his multiple convictions and sentences for two counts of DUI with serious bodily injury (Counts 16 and 18), for the six counts of DUI with personal injury (Counts 17 and 19 through 23), and for the two counts of DUI with property damage (Counts 24 and 25). Duckett alleges that the trial court's imposition of multiple convictions and sentences for a single offense violates double jeopardy principles. The supreme court has decided the issue contrary to Duckett's position and held that multiple convictions for driving under the influence with serious bodily injury are permissible for injuries to multiple victims arising from a single driving episode. See *664 Melbourne v. State, 679 So.2d 759 (Fla.1996). We affirm pursuant to Melbourne.
We reverse the convictions and sentences for the five counts of second-degree murder and direct the trial court to enter judgments of manslaughter and to impose sentences for these crimes. Otherwise, we affirm the judgments and sentences.
Reversed in part; affirmed in part.
THREADGILL, C.J., and PATTERSON, J., concur.