805 So.2d 983 (2001)
Christopher MICHELSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-4280.
District Court of Appeal of Florida, Fourth District.
December 5, 2001.
Rehearing Denied February 11, 2002.
Kevin J. Kulik of Kevin J. Kulik, P.A., Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Judy Hyman, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Christopher Michelson timely appeals after a jury convicted him of murder in the second degree (Count I) and vehicular homicide (Count II). Michelson was sentenced to life imprisonment as a Prison Release Reoffender. § 775.082(8)(a)(2), Fla. Stat. (1999). Michelson's primary argument on this appeal is that the evidence was insufficient to support his conviction for second degree murder. We agree, and reverse the judgment on Count I, directing the trial court to enter judgment for third degree felony murder.
Michelson was indicted and tried for the crime of first degree felony murder, the State charging that the homicide in question had been committed while Michelson *984 was engaged in an escape.[1] The facts surrounding this case are astonishing and exceedingly tragic. On April 1, 1998, Michelson was released from Everglades Correctional Institution. Ten days later, he returned with a number of cohorts, as part of an elaborate scheme to break Jay Sigler out of prison. A stolen semi-tractor trailer was driven through the prison's perimeter fence, and Sigler escaped through a breach in the fence. The getaway cars sped away, and met in a rendezvous point, where an exchange of cars and drivers occurred as police were approaching. Michelson and Sigler successfully fled the scene in a Saturn automobile owned by Sigler's mother, while the other cohorts were apprehended by police.
That evening Michelson and Sigler drove to the City of Lake Worth where they spent the night in a motel. That night, while watching television, they learned that Sigler's mother had been apprehended and that police were on the lookout for the Saturn. They left the next day around noon, en route to Fort Lauderdale. While Michelson was driving, they realized they were being followed by a police car. The officer followed them at normal speeds for a while, then activated his lights and siren when the Saturn passed a vehicle and turned east down an alleyway. The officer pursued, and Michelson panicked, continuing to accelerate, running two stop signs. Tragically, upon running the second stop sign, the Saturn crashed into a southbound vehicle, killing its driver. According to the officer, the entire high-speed pursuit, from the time he activated his lights to the moment of impact lasted a matter of thirty seconds. Michelson and Sigler were both arrested at the scene of the fatal collision.
The two were tried together, and the court instructed the jury on first degree felony murder as charged in the indictment. § 782.04(3)(g), Fla. Stat. (1999). In addition, per the State's request and over Michelson's objection, the court instructed the jury on the lesser-included offenses of second-degree murder and third-degree felony murder. The jury returned guilty verdicts for second degree murder[2] and vehicular homicide, for which Michelson was sentenced to life in prison. On this appeal, he challenges the sufficiency of the evidence to sustain his conviction of second-degree murder.
Because Michelson was charged with first-degree felony murder and objected to the lesser-included charge of second-degree murder, he is not precluded from raising this challenge. See State v. Espinosa, 686 So.2d 1345 (Fla.1996); Viveros v. State, 699 So.2d 822 (Fla. 4th DCA 1997). A challenge to the sufficiency of the evidence tests the adequacy of the evidence to support the jury's verdict. See Tibbs v. State, 397 So.2d 1120 (Fla.1981); Brumley v. State, 500 So.2d 233, 234 (Fla. 4th DCA 1986). On appeal, "the concern [is] whether, after all conflicts in the evidence and all reasonable inferences therefrom have been resolved in favor of the verdict on appeal, there is substantial competent evidence to support the verdict and the judgment." Id.
*985 The United States Constitution requires that criminal convictions must rest upon a determination that the defendant is guilty beyond a reasonable doubt of every element of the crime with which he has been charged. State v. Harbaugh, 754 So.2d 691, 694 (Fla.2000)(citing U.S. v. Gaudin, 515 U.S. 506, 509-10, 115 S.Ct. 2310, 132 L.Ed.2d 444). The crime of second-degree murder is defined as:
The unlawful killing of a human being when perpetrated by any act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual ...
§ 782.04(2), Fla. Stat. (1997). Florida Standard Jury Instructions define the term "imminently dangerous to another and evincing a depraved mind regardless of human life" as an act or series of acts that:
1. a person of ordinary judgment would know is reasonably certain to kill or do serious bodily injury to another, and
2. is done from ill will, hatred, spite or an evil intent, and
3. is of such a nature that the act itself indicates an indifference to human life.
Duckett v. State, 686 So.2d 662, 663 (Fla. 2d DCA 1996). Accordingly, in order to prove that an act demonstrates a depraved mind, the State must prove that it was done from "ill will, hatred, spite or an evil intent." Rayl v. State, 765 So.2d 917 (Fla. 2d DCA 2000). Upon review of the record, we hold there is no evidence of "ill will, hatred, spite or evil intent" directed at the victim, or at any other person, and therefore, the second degree murder conviction cannot stand. See Duckett, 686 So.2d at 663; Ellison v. State, 547 So.2d 1003, 1005 (Fla. 1st DCA 1989), approved in part, quashed in part by State v. Ellison, 561 So.2d 576 (Fla.1990).
In Duckett, the defendant was highly intoxicated, speeding, weaving in and out of traffic, eventually causing two accidents, before ultimately colliding with a tow-truck and a disabled church bus killing five people. The court held the facts were insufficient to satisfy the intent element of second degree murder. Id.
In Ellison, the defendant drove recklessly to elude police, weaving in and out of traffic at high speed, ramming though a blocked toll gate at 65 miles per hour, jumping a median onto a service road, before finally losing control of the vehicle, crossing the center line of a major highway and crashing head-on into another vehicle, killing the driver. The court held there was no view of these fact from which the jury could properly conclude that the driver's actions were done "from ill will, hatred, spite, or an evil intent." Therefore, the conviction for depraved mind second-degree murder could not be sustained. Id., approved, Ellison, 561 So.2d at 577.
As in Duckett and Ellison, there was nothing in this case to establish that Michelson had acted with ill will, hatred, spite or an evil intent towards the eventual victim. Thus, consistent with the holdings in Duckett and Ellison, Michelson's conviction for depraved mind second-degree murder lacks evidentiary support, and must be reversed.
Section 924.34, Florida Statutes (1997), provides that when the appellate court determines that the evidence is insufficient to sustain the offense for which the defendant was convicted, but does establish his guilt as to a necessarily included lesser offense, the appellate court shall reverse the judgment and direct the trial court to enter a judgment for the lesser-included offense. See I.T. v. State, 694 *986 So.2d 720, 724 (Fla.1997). Here the underlying crime supporting the third-degree felony murder charge was the offense of harboring, concealing, or aiding an escaped prisoner. §§ 782.04(4), 944.46, Fla. Stat. (1999). By Michelson's own admission he had "masterminded" the escape plan, and clearly was "aiding" an escaped prisoner, namely Sigler, when the accident occurred. Because Michelson is guilty of the predicate crime of aiding escape, we direct the trial court to enter judgment for third-degree felony murder.
We reverse Michelson's second-degree murder conviction due to the legal insufficiency of the evidence, and thus find it unnecessary to address his other points on appeal. Accordingly, we direct the trial court to enter judgment for third-degree felony murder, and remand for appropriate re-sentencing.
POLEN, C.J., and DELL, J., concur.
GROSS, J., concurs specially with opinion.
GROSS, J., concurring specially.
Appellant was charged in this case with first degree felony murder under section 782.04(3), Florida Statutes (1999). The underlying felony was escape. See § 944.40, Fla. Stat. (1999). Second degree murder under section 784.04(2), Florida Statutes (1999), is a category one necessarily lesser included offense of first degree felony murder. See Fla. Std. Jury Instr. (Crim.) p. 371 (Schedule of Lesser Included Offenses); Linehan v. State, 476 So.2d 1262, 1265 (Fla.1985).
Such a categorization means that the law engages in the fiction that second degree murder "is always included in the major offense." State v. Wimberly, 498 So.2d 929, 932 (Fla.1986). This is obviously a fiction because there are many instances where the perpetrator of a felony murder does not have the "depraved mind regardless of human life" that is required for second degree murder. For example, an accidental killing falls under the first degree felony murder statute if the killing occurs in the perpetration of an enumerated felony. If a lesser offense is always included in the major offense, a post-conviction sufficiency of the evidence analysis should focus on the primary offense and not the lesser one.
A "trial judge has no discretion in whether to instruct the jury on a necessarily lesser included offense. Once the judge determines that the offense is a necessarily lesser included offense, an instruction must be given." Id. Even where a defendant waives the giving of a jury instruction on a necessarily lesser included offense, the state must consent to the waiver; the state "[has] the right to insist on the giving of instructions on necessarily lesser included offenses." State v. Johnson, 601 So.2d 219, 220 (Fla.1992); accord Gallo v. State, 491 So.2d 541, 543 (Fla.1986) (answering in the affirmative the certified question of whether the state is entitled to have jury instructions given on necessarily included lesser offenses in a case where the defendant requests that no such instructions be given and knowingly and intelligently waives his right to such instruction), receded from on other grounds in Gould v. State, 577 So.2d 1302 (Fla.1991).
Where sufficient evidence exists to convict the defendant for the greater offense of felony murder, I do not believe that a conviction for the necessarily included offense of second degree murder is subject to attack on the ground of insufficiency of the evidence. Such a crime is included in the greater charge as a matter of law. Both State v. Espinosa, 686 So.2d 1345 (Fla.1996), and Viveros v. State, 699 So.2d 822 (Fla. 4th DCA 1997), cited by the *987 majority, involve permissive, not necessarily, lesser included offenses.
Still, I concur in the result reached by the majority because the evidence in this case did not support a conviction of first degree felony murder, where the underlying felony was escape. The death occurred the day following the escape, after Michelson had reached a place of temporary safety in Lake Worth. At the time of the death, he was no longer engaged in the perpetration of an escape within the meaning of the felony murder statute. See State v. Williams, 776 So.2d 1066, 1070 (Fla. 4th DCA 2001).
NOTES
[1] Michelson was tried below with his co-defendant Jay Junior Sigler. Sigler has a separate appeal pending in this court, and this appeal solely pertains to Michelson. The opinion in Sigler v. State, 805 So.2d 32 (Fla. 4th DCA 2001).
[2] In returning a verdict for the lesser offense, the jury necessarily found that the homicide did not occur while Michelson was committing an escape, which would have been a predicate offense for first-degree felony murder. §§ 782.04(3)(g), Fla. Stat. (1999).