BID WILL, MARTIN J., Associate Judge,
dissenting.
The majority reverses the defendant’s conviction because the State failed to present sufficient evidence that the defendant committed the crime of manslaughter. Because I believe the appropriate question to ask is whether the State presented sufficient evidence to support a conviction for first degree felony murder, and because I believe the State did, I respectfully dissent.
The State charged the defendant with first degree murder. The trial court granted the defendant’s motion for judgment of acquittal on the theory of premeditated first degree murder, but denied the motion on the State’s alternative theory of first degree felony murder. At the State’s request, but -without objection from the defendant, the trial court instructed the jury on the lesser included offenses of second degree murder and manslaughter. The jury returned a verdict convicting the defendant of manslaughter with a firearm.
Manslaughter is a category one, necessarily lesser included offense of first degree felony murder. As such, the crime of manslaughter is always legally subsumed within the greater offense of first degree felony murder. See State v. Wimberly, 498 So.2d 929, 982 (Fla.1986). Because a necessarily lesser included offense is always included within the greater offense as a matter of law, an analysis of the sufficiency of the evidence to support a conviction for the necessarily lesser included offense is properly focused on the sufficiency of the evidence to support the greater offense. Michelson v. State, 805 So.2d 983, 986 (Fla. 4th DCA 2001) (Gross, J., concurring specially). As now Chief Judge Gross explained in his concurring opinion in Michelson:
Where sufficient evidence exists to convict the defendant for the greater offense of felony murder, I do not believe that a conviction for the necessarily included offense of second degree murder is subject to attack on the ground of insufficiency of the evidence. Such a crime is included in the greater charge as a matter of law.
Id. I agree with this reasoning and believe it applies here. Although the defendant was convicted of the necessarily lesser included offense of manslaughter, the Court’s postconviction review of the sufficiency of the evidence must ask whether there was sufficient evidence to support a conviction for the greater offense of first *62 degree felony murder. If the State presented sufficient evidence of the greater offense, the conviction for the necessarily lesser included offense is not subject to attack on the ground of insufficiency of the evidence.
After carefully reviewing the trial transcript, I believe there was sufficient evidence in the record to allow the trial court to submit the charge of first degree felony murder to the jury. I respectfully disagree with the majority’s conclusion that Curtisha Shepherd’s testimony actually reveals that she did not see anyone take the necklace from the decedent Carlos Segura. As I read her testimony, Ms. Shepherd testified that she observed the defendant and another young man take a necklace from Mr. Segura. It is not clear to me that this portion of her testimony was merely a reference to a prior statement, or that it was based on information provided to her by the police. To be sure, other portions of her testimony arguably are inconsistent with this testimony, but inconsistencies bear on the ultimate weight to be placed on the testimony, a decision for the jury and not the court.
Darlisha Johnson testified that, when the defendant and his accomplices confronted Mr. Segura, she observed Mr. Seg-ura with his arms up, bent ninety degrees at the elbows. She also testified that she observed Mr. Segura’s pants pockets pulled out, observed one of the young men to be armed with a clearly visible handgun, and observed Mr. Segura stumble and almost fall during the incident. Further, Ms. Johnson testified that Mr. Segura was visibly furious after the initial confrontation, and that, moments later, he was driving his vehicle toward the defendant and his accomplices at a high rate of speed when he was shot.
Considering the testimony of Ms. Johnson and Ms. Shepherd together, there was, in my view, sufficient evidence that would allow a rational trier of fact to find beyond a reasonable doubt that the defendant participated in a robbery of Mr. Segura. As a rational trier of fact also could conclude that a principal to the robbery killed Mr. Segura, without a definitive break in the chain of circumstances that began with the robbery and ended with the killing, see Parker v. State, 641 So.2d 369, 376 (Fla. 1994), there was sufficient evidence in the record to justify the trial court’s decision to submit the charge of first degree felony murder to the jury. I would affirm the defendant’s conviction.