NORTHCUTT, Judge,
dissenting.
Black’s convictions for second-degree murder and attempted second-degree murder should be reversed for insufficient evidence, and his case should be remanded for a new trial.
The crime of second-degree murder is defined as “[t]he unlawful killing of a human being, when perpetrated by an act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual.” § 782.04(2), Fla. Stat. (2007). Conduct that is
“imminently dangerous to another and evincing a depraved mind” is characterized by “an act or series of acts that: (1) a person of ordinary judgment would know is reasonably certain to kill or do serious bodily injury to another, and (2) is done from ill will, hatred, spite or an evil intent, and (3) is of such a nature that the act itself indicates an indifference to human life.”
State v. Montgomery, 39 So.3d 252, 255 (Fla.2010) (quoting Bellamy v. State, 977 So.2d 682, 683 (Fla. 2d DCA 2008)).
Black’s challenge concerns the second factor just mentioned. The words “ill will, hatred, spite, or evil intent” equate to actual malice. See Reed v. State, 837 So.2d 366, 368-69 (Fla.2002) (quoting Young v. State, 753 So.2d 725, 728-29 (Fla. 1st DCA 2000), for the proposition that in cases charging aggravated child abuse, actual malice, i.e. ill will, hatred, spite, evil intent, must be proven). The Young court contrasted actual malice, which requires proof of an evil intent or motive, with legal malice, which can be inferred from “an intentional act performed without legal justification or excuse.” 753 So.2d at 728-29. In the same vein, this court has noted that the malice required to support a conviction for second-degree murder cannot be inferred merely from extremely reckless behavior. Light v. State, 841 So.2d 623, 626 (Fla. 2d DCA 2003).
To be sure, the evidence in this ease proved that Black acted extremely recklessly and possibly intentionally. But the acts described by the witnesses did not in themselves prove the actual malice necessary to convict him of second-degree murder. See Hicks v. State, 41 So.3d 327 (Fla. 2d DCA 2010) (holding that the State failed to prove ill will, spite, or evil intent when the defendant, pursued by the police, drove on the interstate into oncoming traffic at about 76 miles per hour, hit another car head on, and killed the driver); see also Michelson v. State, 805 So.2d 983 (Fla. 4th DCA 2001) (reversing conviction for second-degree murder when police were pursuing driver and he ran a stop sign, struck an oncoming vehicle and killed the driver; no evidence Michelson acted with requisite malice against the eventual victim).
*890 As the Light court explained, second-degree murder is normally committed by someone who knows the victim and who has the time to develop an enmity toward him or her. 841 So.2d at 626 (and cases cited therein). Grimsley testified that he did not know the driver of the car that hit him. In fact, the State produced no evidence that Black knew any of the victims or that he harbored any animosity toward them on the basis of gender, race, or some other trait. Moreover, the two collisions happened within a brief time period, about three-quarters of a mile apart. The officer investigating the crash at the labor pool radioed his partner and told him the direction in which the fleeing vehicle was traveling. His partner drove in that direction and very quickly came upon the scene of the second collision. See, e.g., Bellamy v. State, 977 So.2d 682, 684 (Fla. 2d DCA 2008) (finding no evidence of malice to support a second-degree murder conviction when the parties did not know each other and the altercation took only one or two minutes).
The majority’s effort to distinguish this state’s controlling precedents on the ground that Black apparently was attempting suicide, as opposed to fleeing from the police, widely misses the point. In both scenarios, the defendants were motivated by something other than malice toward the victims, and in both scenarios the defendants’ extreme recklessness was legally insufficient to establish the actual malice element of second-degree murder. The majority has cited a handful of out-of-state decisions that it believes are consistent with its result. But it has failed to unearth a single Florida authority that supports it, thus underscoring that Black’s convictions for second-degree murder and attempted second-degree murder are contrary to Florida law.
Because I would reverse the convictions and remand for a new trial, I would not address the manslaughter instruction.